# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gwendoline Aboah, individually, and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury and Peter R. Moore,<br><br>                Defendant. | CIVIL ACTION NO.:<br>3:20-cv-00763 (MPS) |

## CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Settlement Agreement, including all exhibits attached hereto (collectively, the "Agreement"), is made by Plaintiff Gwendoline Aboah (the "Named Plaintiff"), on behalf of herself and each of the Settlement Class Members as defined herein, on the one hand, and Defendants, Fairfield Healthcare Services, Inc., d/b/a BrightStar Care of Fairfield & Southbury ("BrightStar") and Peter R. Moore ("Individual Defendant") (collectively, "Defendants"), on the other hand, in the above-captioned action ("Lawsuit"). The Named Plaintiff, Settlement Class Members, and Defendants collectively be referred to as the "Parties."

NOW THEREFORE, IT IS HEREBY AGREED, by and among the Plaintiff on behalf of herself and the Settlement Class on the one hand, and Defendants on the other hand, and subject to approval of the Court, that the Lawsuit be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon Final Approval (as defined below), the Lawsuit shall be dismissed with prejudice, subject to the following terms and conditions:

**1.     Procedural History**

a.     On June 2, 2020, Named Plaintiff filed a putative class and collective action Complaint in the United States District Court for the District of Connecticut (the "Court") (the

"Complaint"), captioned *Gwendoline Aboah v. Fairfield Healthcare Services, Inc., d/b/a BrightStar Care of Fairfield & Southbury and Peter R. Moore*, (20-cv-00763) (the "Lawsuit"). The Lawsuit asserted class claims under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-68, ("CMWA") and collective claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA") alleging, inter alia, that the Defendants failed to pay wages due under the CMWA and the FLSA, and sought recovery of unpaid wages, liquidated damages, interest, and attorneys' fees and costs (the "Claims"). The Court granted the Defendants' consent motion for extension of time (ECF No. 9) informing the Court that the Parties reached good faith agreement to mediate the Lawsuit before Attorney Daniel A. Schwartz of Shipman & Goodwin, LLP ("Mediator") and the mediation was held on July 31, 2020 at 11:30 a.m. ending the same day at 9:10 p.m., ("Mediation"), with the Parties settling the Lawsuit, the terms of which are contained in this Agreement.

2.    **Definition of "Settlement Class Members" and "Class Period"**

a.    No class or collective has been certified in this Lawsuit. As part of this Settlement, the Parties will ask the Court to certify (i) the following Settlement Class: all current and former home health aides (HHAs) employed by Defendants and who worked one or more 24-hour live-in shift anytime from May 15, 2018 to May 17, 2020 ("Class Period") and who are identified on **Exhibit A** ("Rule 23 Settlement Class Members"); and (ii) the following FLSA Collective: all current and former home health aids (HHAs) employed by Defendants and who worked one or more 24-hour live-in shift anytime from May 15, 2017 to May 17, 2020 ("Collective Period"). The time period of May 15, 2017 to May 14, 2018 shall be referred to as the "Third-Year Period." Settlement Collective Members who only worked a Covered Shift during the Third-Year Period are identified on **Exhibit B** ("Third-Year Settlement Class Members"). Together, the Rule 23

Settlement Class Members and the Third-Year Settlement Class Members are "Settlement Class Members."

b.      This Agreement does not constitute an admission of liability by Defendants. Defendants have denied and continued to deny all of the material allegations contained in the Lawsuit, and have denied and continue to deny that they are liable or owe damages to the Named Plaintiff or the Settlement Class Members with respect to the alleged facts or causes of action asserted in the Lawsuit. Defendants, however, will not oppose certification of the Settlement Class for purposes of obtaining the Court's approval of this Agreement. Defendants expressly reserve their right to oppose class and conditional certification should the Settlement not become final. Neither this Agreement nor any statements made nor documents exchanged solely for mediation and settlement of the Lawsuit, nor any documents filed by the Parties in connection with this Settlement shall be admissible or offered into evidence in this Lawsuit or any other action or used for any purpose whatsoever other than for this Settlement, or as agreed upon in writing by the Parties.

**3.      Benefits of Settlement**

In order to facilitate Mediation of the Lawsuit, Defendants provided to counsel for the Named Plaintiff ("Class Counsel") voluminous business and payroll records relating to the 24-hour shifts worked by and amounts paid to the Named Plaintiff and the exemplars of Settlement Class Members during their employment with BrightStar during the Class Period and Collective Period.  BrightStar and the Named Plaintiff, through her counsel, each analyzed BrightStar's business and payroll records relating to the Named Plaintiff's and the Settlement Class's claims asserted in the Lawsuit.  On the basis of the aforementioned business and payroll records, and its analysis thereof, Class Counsel is satisfied that he has a sufficient basis to properly value the claims as alleged in the Lawsuit. The Parties engaged in the Mediation in an effort to reach a

3

resolution of Named Plaintiffs' and the Settlement Class Members' claims in order to avoid prolonged and expensive litigation. Based upon Class Counsel's analysis and Mediator's counter-analysis, of the payroll data and related information and documents produced by BrightStar relating to the Settlement Class who worked at least one Covered Shift during the Class Period or Collective Period, the applicable law, and recognizing the risks of continued litigation, including the risk that the Named Plaintiff and Settlement Class Members might obtain a recovery less favorable than, and/or comparable to, the recovery embodied in this Agreement, and that any recovery may not be obtained for several years, if at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Named Plaintiff and the Settlement Class Members.

Defendants have concluded that any further defense of the Lawsuit would be protracted, uncertain, and expensive for all Parties. Unless this Settlement is made, Defendants will need to devote substantial amounts of time, energy, and resources to the defense of the Claims asserted by Plaintiff. Defendants have therefore agreed to settle in the manner and upon the terms set forth in this Agreement to effectuate the full, final, and complete resolution of the Lawsuit.

The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice all Claims as set forth below.

**4.    Definitions.**

a.    "Effective Date" means the latest date after which all of the following have occurred: (i) this Settlement has been executed by Plaintiff and Defendants; (ii) the Court has given preliminary approval of the Settlement; (iii) notice has been sent to Settlement Class Members, providing them with an opportunity to opt out of the settlement; (iv) Final Approval; (v) the later of the following events: when the period for filing any appeal or other appellate proceeding

opposing the Settlement has elapsed without any appeal or other appellate proceeding having been filed; any appeal or other appellate proceeding opposing the settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal or other appellate proceedings has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief; or on the date of final approval if no objections were made. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final and there is no further legal recourse by an appellant or objector who seeks to contest the Settlement.

b.      "Covered Shift" refers to a 24-hour live-in shift worked by a current or former home health aide (HHA) employed by Defendants during the Class Period or Collective Period for which the HHA was paid for 13 hours of work time. Any shift that was worked as an hourly shift, which was not assigned as a live-in shift, or for which the HHA worked and was paid for less than 13 hours of work will not be a Covered Shift.  Covered Shifts worked during the Third-Year Period are "Third-Year Covered Shifts."

c.      "Final Approval" means the date by which this Settlement is finally approved as provided in this Agreement and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment"), or in the event of an appeal of such Final judgment, the date that an appellate court upholds the Final Judgment.

d.      "Notice Packet" means the Notice of Proposed Class Action Settlement and Final Approval Hearing, attached as **Exhibit C**, the Exclusion Form, attached as **Exhibit D**, and Forms W-4 and W-9, attached as **Exhibit E**, that must be completed and returned by Settlement Class Members in order to obtain each Individual Settlement Payment.

e.      "Settlement Administrator" means Class Counsel.

65912838v.2

f.      The term "Parties" means the Plaintiff (including on behalf of herself and the Settlement Class members) and Defendants.

g.      The term "Plaintiff's Counsel and  Class Counsel" means Nitor V. Egbarin, Esq., The Law Offices of Nitor V. Egbarin, LLC.

h.      The term "Released Parties" means Moore, BrightStar, and BrightStar's present and former parent companies, owners, subsidiaries, affiliated companies (whether now or hereafter), shareholders, members, officers, directors, managers, successors, assigns predecessors, members, shareholders, officers, directors, agents, current and former employees, attorneys, insurers, and assigns

## 5.      Total Settlement Amount

a.      Defendants shall pay a total amount of not more than Three Hundred and Two Thousand Dollars and 00/100 ($302,00.00) (the "Total Settlement Amount") to fully and finally resolve the Lawsuit, including, without limitation, all of the Claims that Plaintiff brought or could have brought in the Lawsuit against Defendants and any other Released Parties under Connecticut law, federal law, regulation, or common law pertaining to meal or rest break, hours of work, payment of minimum wages, overtime, or other wages or compensation of any type on behalf of Plaintiff the Settlement Class, inclusive of all attorneys' fees and costs, back pay, damages of any type (including liquidated, punitive, or penalties), interest, service payments under this Agreement and in exchange for the releases and covenants set forth in this Agreement. Defendants will not be required to pay more than the gross total of $302,000.00 under the terms of this Agreement.

b.      Defendants shall be responsible for paying any lawfully required employer share of payroll taxes. Employer payroll taxes will not be paid from the Settlement Amount.

6.    **Settlement Administration**

a.    Class Counsel will be the Settlement Administrator. The Administrator will be responsible for mailing the Notice Packets to Class Members in accordance with the Court's preliminary and final approval orders, distributing the Individual Class Member Payments, distributing the Plaintiff's Service Award, providing an accounting of delivered Individual Class Member Payments to the Court and Defendants' counsel, providing all notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. and providing a declaration indicating the acts that it has performed as Administrator to Defendants' Counsel and the Court.

b.    The Administrator will mail the Notice Packet to the Settlement Class Members at their most recent addresses and if returned will take reasonable efforts to determine their current address and resend the notice and will also mail the Individual Class Member Payments to the Class Members.

7.    **Releases.**

a.    <u>FLSA Release</u>.    Settlement Class Members who negotiate their individual settlement checks shall thereby release the Released Parties from any claims under the Fair Labor Standards Act, including those that were or could have been asserted in the Lawsuit regarding events that occurred or are alleged to have occurred from the beginning of time until Preliminary Approval (the "Released FLSA Claims").

b.    <u>Rule 23 Settlement Class Member Release</u>.    Upon the Court's Final Approval of this Settlement, and except as to such rights or claims as may be created by this Agreement, Named Plaintiff and each individual Settlement Class Member, on behalf of him/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Released Parties, from any and all suits, actions, causes of action, claims,

7

complaints, or demands of any kind, based on any violation of any federal, state, or local law, regulation, order, or rule pertaining to meal or rest breaks, overtime, minimum wages, hours of work, payment of wages or other compensation (including employment-related expenses), of any kind, including without limitation all claims that were or could have been asserted in the Lawsuit regarding events that occurred or are alleged to have occurred from the beginning of time until Preliminary Approval under or relating to the Connecticut Minimum Wage Act, any other Connecticut statute, rule, or regulation, order, or rule pertaining to meal or rest breaks, overtime, minimum wages, hours of work, or payment of wages or other compensation of any type; and all other contract, common law, tort, or other claims pertaining to meal or rest breaks, overtime, minimum wages, hours of work, or payment of wages or other compensation of any type. The releases set forth in this section—shall not apply to Settlement Class Members who timely opt-out pursuant to this Agreement.

      b.   <u>Named Plaintiff</u>.  In addition to the release provided under the preceding paragraph, Named Plaintiff and Defendants have entered into a separate, confidential agreement for the release of non-wage claims relating to her employment and the separation of her employment with Defendants which are not subject to Court approval.

## 8.   Timeline of Settlement Events

      The following timeline for the Settlement events listed sets forth the actions that must be taken under this Agreement. The date of Preliminary Approval is the base timeline for all actions. The Parties contemplate presenting this Agreement to the Court on or before September 25, 2020. If presentation or approval is accelerated or delayed, the timeline stated below will be amended accordingly.

65912838v.2

- 10 days after Preliminary Approval, Defendants will provide the Settlement Administrator an Excel spreadsheet with the following information about each putative Settlement Class Member:  name, Employee ID number, last known address, social security number or other tax identification numbers, and number of Covered Shifts within the Class Period and number of Covered Shifts within the Third-Year Period.

- 30 days after Preliminary Approval, the Settlement Administrator will mail the Notice Packet, attached as Exhibits C, D, and E in accordance with Section 6(b) of this Agreement.

- 14 days before the Final Fairness Hearing, all requests for exclusion from the Settlement must be received by the Settlement Administrator or Class Counsel to be deemed valid and timely ("Exclusion Deadline").

- 21 days before the Final Fairness Hearing, Plaintiff's Counsel shall provide a draft Motion for Final Approval of this Settlement to Defendants for review and approval.

- 14 days before the Final Approval Hearing, or on another date set by the Court, Plaintiff's Counsel shall file a Motion for Final Approval of this Settlement and Plaintiff's Petition for Approval of Attorneys' Fees, Litigation and Administrative Costs, and Service Award.

- 7 days before the Final Fairness Hearing, all objections to the Settlement must be received by the Settlement Administrator or Class Counsel ("Objection Deadline").

65912838v.2

- 21 days after the Effective Date, Defendants will provide the Settlement Administrator with individual settlement checks payable to Settlement Class Members ("Individual Class Member Payments").

- 28 days after the Effective Date, the Settlement Administrator will mail Individual Class Member Payments to Settlement Class Members.

- 120 days after the Settlement Administrator mails the settlement checks, Class Members must have cashed their settlement checks. All checks not cashed by this deadline will be donated to Bridgeport Rescue Mission.  This is a non-reversionary Settlement in which Defendant is required to pay the entirety of the Settlement Amount.

- 14 days after the check cashing deadline, Defendants shall distribute all money remaining in the Settlement Fund to Bridgeport Rescue Mission

**9.    Payments to Class Members**

a.    By the time specified in Section 8, the Settlement Administrator shall mail to each Settlement Class Member checks in an amount equal to each Settlement Class Member's pro rata share of the Settlement Amount (less all deductions for all other payments from the Settlement Fund). The Individual Class Member Payments will be calculated from the Net Settlement Amount of $166,747.72 as follows:

- $4,750 is allocated to the Third-Year Settlement Class (the "Third-Year Fund"). Each Third-Year Settlement Class Member will receive a gross payment of $50.00 ("Third-Year Payment").

- 161,997.72 is allocated to the Rule 23 Settlement Class (the "Rule 23 Settlement Fund").  Each Rule 23 Settlement Class Member will receive a proportionate

share of the Rule 23 Settlement Fund ("Individual Rule 23 Class Payment").  The

individual Rule 23 Settlement Class Payments will be calculated by dividing the

total number of Covered Shifts attributed to the Rule 23 Settlement Class Member

during the Class Period by all Covered Shifts (20,045) during the Class Period

attributed to members of the Rule 23 Settlement Class, multiplied by the Rule 23

Settlement Fund.  Otherwise stated, the formula for an Individual Rule 23 Class

Payment is:

(Number of individual Covered Shifts ÷ 20,045) x $161,997.72)

- The sum of the Third-Year Payment and the Individual Rule 23 Settlement Class
   Payment is the "Individual Class Member Payment."

b.    One half of the Individual Class Member Payment will be paid as owed back wages.

The other half will be paid as liquidated damages. From the Plaintiff's and each Class Member's

back wages, payroll deductions will be made for state and federal withholding taxes and any other

applicable payroll deductions. Defendants will pay the amounts withheld to the appropriate taxing

authorities as well as the employer's share of all applicable taxes on any back pay check distributed

to the Settlement Class Member. Defendants will issue an IRS Form W-2 for the back pay payment

to each Settlement Class Member and will issue an IRS Form 1099 to each Settlement Class

Member for the second check issued to them for liquidated damages.  Employer payroll taxes will

not be paid from the Settlement Fund and Defendants will be responsible for paying any such taxes

in addition to the Settlement Fund. Upon expiration of the check cashing deadline, all uncashed

settlement checks shall revert to the Settlement Fund and then be distributed to Bridgeport Rescue

Mission.  Class Counsel and counsel for Defendants do not intend this Agreement to constitute

legal advice relating to tax liability of any Settlement Class Member.  Settlement Class Members

are responsible to pay the appropriate individual taxes due on the Settlement Awards they receive.

Class Counsel and counsel for Defendants do not intend this Agreement to constitute legal advice

relating to tax liability of any Settlement Class Member. To the extent that this Agreement, or any

of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local

tax issue, such advice is not intended or written to be used, and cannot be used, by any person for

the purpose of avoiding any tax liability or penalties.

c.      All settlement checks issued pursuant to this Paragraph shall contain on the back of

the check a limited endorsement containing the language below:

> *By signing this check, I consent to join the Fair Labor Standards Act claims the case Aboah*
> *v. Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury and*
> *Peter R. Moore, Case No. 3:20-cv-00763 (MPS), pending in the United States District*
> *Court for the District of Connecticut, and I agree to be bound by the settlement agreement*
> *in that case ("Aboah") and to participate in the settlement. I accept this payment in full*
> *satisfaction of my portion of the settlement in Aboah as to claims under the Fair Labor*
> *Standards Act released in the Settlement Agreement. I release and discharge Fairfield*
> *Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury and Peter R.*
> *Moore and the other Released Parties from all claims or causes of action released in the*
> *settlement Agreement, as stated in the Notice of Class Action Settlement.*

**10.    Payment of Attorneys' Fees, Costs, and Incentive Award**

a.      21 days after the Effective Date, Defendants shall pay to Class Counsel from the

Settlement Fund all attorneys' fees and litigation costs approved by the Court.

b.      Class Counsel shall ask the Court to award them no more than $100,666.67 as

representing 1/3 of the Total Settlement Amount as the contingency attorneys' fees, plus an

additional $19,585.61 for litigation and administration costs. If the Court approves an award of

attorneys' fees and costs in an amount less than the amount requested by Class Counsel, then the

difference between the amount requested and the amount awarded to Class Counsel and/or the

Settlement Administrator shall be apportioned to the Individual Class Members' Payments.

c.      Defendants will not have any additional liability for Class Counsel's attorneys' fees and costs beyond that which is approved by the Court and the payment of the attorneys' fees and costs awarded to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in connection with this Action, this Settlement or any appeal, incurred by any attorney on behalf of the Settlement Class Members with respect to the claims against the Defendants. This payment shall relieve Defendants of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled on behalf of the Settlement Class Members and which arise out of the allegations in the Lawsuit. In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Total Settlement Amount. No attorneys' fees or litigation costs and expenses will be paid if the Defendants void this Agreement as permitted by Section 10 or if this Agreement does not receive final court approval.

d.      Defendants will prepare and deliver separate checks for Attorney Egbarin and Attorney Hayber in amounts Attorney Egbarin will communicate to Defendant within 7 days following the Effective Date.

e.      Class Counsel shall apply for a Class Representative Service Award to the Named Plaintiff Gwendolyn Aboah in an amount of $15,000 to be paid for her time and effort that Plaintiff spent pursuing the Lawsuit and in recovering wages on behalf of Settlement Class Members. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Agreement. Any Class Representative Service Award shall be paid to the Class Representative at the same time she receives her individual settlement award. The Class Representative Service Award is separate and apart from Plaintiff's settlement award for back wages, liquidated damages,

and other damages Defendants have agreed to pay Plaintiff under this Agreement. The Class Representative Service Award will not be taxed as wages, and the Plaintiff will receive a Form 1099 related to the Class Representative Service Award. Plaintiff agrees to be solely liable for and pay all taxes on the Class Representative Service Awards. To that end, if a court or agency of appropriate jurisdiction finds that any of the Releasees has a withholding or tax payment obligation different from, or in addition to, that which this Agreement contemplates, Plaintiff agrees to indemnify and hold harmless the Releasees for or against taxes, penalties, interest and any other costs she incurs in this regard relating to the Class Representative Service Award.

   f.  All attorneys′ fees and litigation expenses and costs approved by the Court shall be paid without withholding and reported to the IRS on Form 1099 as appropriate.

**11. Remainder Distribution.**

   a.  Defendants shall pay to the designated *cy pres* recipient any portion of the Total Settlement Amount that is unclaimed after the check cashing deadline.

**12. Notice and Approval of Settlement and Settlement Implementation**

   a.  As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Settlement Class Members about the Settlement, obtaining final court approval of the Settlement, and processing the Settlement payments. All terms of this Agreement are contingent upon the achievement of Final Approval. The Parties agree to cooperate and take reasonable steps necessary to obtain Preliminary Approval and Final Approval of this settlement, to effectuate this agreement, and to dismiss the Lawsuit with prejudice. The Parties agree that Defendants and other Released Parties shall have no obligation to make any payments as specified in this Agreement if Final Approval does not occur for any reason.

65912838v.2

b.      Class Counsel will prepare an assented-to motion seeking Preliminary Approval of the proposed settlement (the ″Preliminary Approval Motion″) and obtain Defense counsel's consent as to its contents prior to filing it with the Court. The Preliminary Approval Motion will seek preliminary approval of the Parties' proposed settlement, as reflected in this full-executed Agreement (which will be submitted with the motion), approval of the mechanism for notice to issue to members of the Settlement Class, the substance of the notice to be sent to members of the Settlement Class, and the scheduling of a hearing on Final Approval, with such hearing on Final Approval to be held not less than 120 days after Preliminary Approval, given the notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq.

c.      If the Court denies the Preliminary Approval Motion, the Parties agree to take reasonable efforts to obtain approval of the Settlement, including, for example, by filing additional papers requested by the Court to evaluate the appropriateness of preliminary approval of the settlement; provided, however, that any increase to the Total Settlement Amount shall not be deemed reasonable for any such purposes.

**13.      Notices to Class Members; Court Approval; Opt-Outs; Objections.**

a.      <u>Class Member Data.</u>  Ten (10) calendar days after Preliminary Approval, Defendants will provide Class Counsel (as Claims Administrator) an Excel spreadsheet with the following information about each Settlement Class Member: name, Social Security Number, Employee Number, start and end date of employee, last known address, and number of Covered Shifts during the Class Period and Third-Year Period (″<u>Class Contact List</u>″).

b.      <u>Notice to Settlement Class Members.</u>  Thirty (30) days after Preliminary Approval (or within an alternate period set by the Court), Class Counsel as Claims Administrator will mail the Notice Packet via First Class United States mail, postage prepaid, to each Class Member.

Unless otherwise ordered by the Court, the Notice of Settlement will be in the form attached as **Exhibit C,** the Exclusion Form will be in the form attached as **Exhibit D** and Forms W-4 and W-9 attached as **Exhibit E.** Within twenty (20) days of the date of the initial mailing, Class Counsel as Claims Administrator shall promptly conduct a second mailing for any Settlement Class Member whose Notice Packet is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or through skip-tracing. If, after this second mailing, the Notice Packet is again returned as undelivered, then the notice mailing process shall end for that Settlement Class Member. Class Counsel as Claims Administrator  shall not attempt more than two (2) mailings of the Notice Packet to any Settlement Class Member, and no mailing shall occur more than sixty (60) days after the first mailing to Class Members.

c.      <u>Procedure for Requesting Exclusion ("Opt Outs")</u>.  The Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement Class must complete and submit an Exclusion Form (in the form attached as Exhibit C or as otherwise approved by the Court) requesting exclusion from the Settlement Class, which must be received by the Settlement Administrator no later than fourteen (14) days before the Final Approval Hearing (the "<u>Exclusion Deadline</u>"). Any Settlement Class Member who opts out of the Settlement Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. No later than seven (7) calendar days after the Exclusion Deadline, Class Counsel as Claims Administrator shall furnish to Defendants' counsel a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class.

d.      <u>Procedure for Objecting.</u>  The Notice shall provide that Individual Settlement Class Members who wish to object to the Settlement must mail a written statement to counsel for the

Parties. Such written statement must be received by the Settlement Administrator no later than fourteen (14) days before the Final Approval Hearing (the "Objection Deadline"). Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. No later than seven (7) calendar days after the Exclusion Deadline, Class Counsel as Claims Administrator shall furnish to Defendants' counsel a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class. Class Counsel and/or counsel for the Defendants may file with the Court a written response to any filed Written Objections no later than three (3) calendar days before the Fairness Hearing.

      e.    <u>Reports of the Claims Administrator.</u>  The Claims Administrator shall keep accurate records of the dates on which it sends Notice Packets to Class Members. Class Counsel as Claims Administrator shall maintain an updated Class Contact List and provide weekly status reports to counsel for Defendants regarding undelivered Notices, objections, opt-outs, and will provide updated mailing addresses for Settlement Class Members to counsel for the Defendants periodically and as reasonably requested by counsel.

**14.    Final Settlement Approval Hearing and Entry of Final Judgment.**

      a.    With the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement along with the amount payable for the attorneys' fees and costs and Service Award. Twenty-one (21) days before the Fairness Hearing, Class Counsel will submit to counsel for the Defendants a draft Motion for Judgment and Final Approval of the settlement and this Agreement. Class Counsel will allow counsel for the Defendants to review and comment on the terms of such papers, and agrees to work cooperatively with Counsel for the Defendants to ensure the language of such motion is acceptable to Counsel for the Defendants.

b.      Unless otherwise ordered by the Court, not later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall file a joint Motion for Judgment and Final Approval of the settlement and this Agreement, which will include a  proposed final order (in the form of **Exhibit F**): (i) granting final approval of the Settlement and certification of the Settlement Class for purposes of Settlement, (ii) adjudging the terms of the Settlement to be fair, adequate, reasonable, and binding on all Settlement Class Members who have not timely opted out in accordance with this Agreement, (iii) directing the Claims Administrator and the Parties to carry out the Settlement's terms and provisions, including distribution of the settlement awards to Settlement Class Members; (iv) dismissing the action on the merits, with prejudice, in accordance with the terms of the Agreement; (v) approving payment of attorneys' fees and costs to Class Counsel pursuant to Section 10; and (vi) approving the Class Representative Service Award. The Defendants shall join the motion or shall file their own separate papers but may not oppose the motion.

15.      **Allocation and Distribution of the Net Total Settlement Amount.**

a.      The "Net Settlement Amount" is defined as the sum of the amounts listed on **Exhibit A and Exhibit B**.

b.      Each Class Member who receives notice by mail and does not timely opt out of the Class shall receive individual payments ("Individual Class Member Payment "), in a cumulative amount were calculated using the formula in Section 9 of this Agreement.

c.      Twenty-one (21) days after the Effective Date, Defendants shall: (i) distribute several checks as instructed, to Class Counsel for all of its expenses; (ii) distribute two checks as instructed, to Class Counsel for all of its fee amount; (iii) distribute one check to the Named Plaintiff for her Service Award; and (iv) distribute to Class Counsel as Settlement Administrator

a check for Named Plaintiff and each Individual Settlement Class Member who has not timely opted-out of the Class or not received notice for the members' Individual Settlement Payment of his/her Net Settlement Amount listed on **Exhibit A and Exhibit B**, less applicable withholding taxes as appropriate.

        d.      Within twenty-eight (28) days of the Effective Date, the Settlement Administrator will distribute the Individual Settlement Payment checks to each Individual Settlement Class Member by first class mail, postage prepaid, at his or her address as listed on the Class Contact List as maintained and updated by the Settlement Administrator.

        e.      If a check is returned to the Settlement Administrator by the post office with a forwarding address, the Settlement Administrator shall re-mail the check to the forwarding address and provide counsel for the Defendants with proof of such mailing. If a check is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall use reasonable efforts to attempt to find a new address, and if a new address is found, the Settlement Administrator shall re-mail the check to said new address.

        f.      If payments to the Settlement Class Members are not cashed within 120 days, or if the Settlement  Administrator is unable to locate an address for a Settlement Class Member whose settlement check was returned, the following procedure shall apply: Any checks returned shall be delivered to Defendants along with an accounting of the amount of unclaimed funds. Defendants shall then be responsible for distributing the returned funds and unclaimed funds to [*cy pres charity*] as approved by the Court.

**16.**      **Payroll Taxes and Withholdings**

        a.      Fifty percent of the Individual Payments shall be subject to payroll withholding which will be withheld using the payroll exemptions applicable to the Class Member when they were last employed or using revised exemptions provided by the Class Member by a signed Form

W-4 form. The Defendants will issue an IRS Form W-2 to Class Members.  Defendants shall be responsible for pay their share of withholding taxes for the settlement proceeds paid to the class members.

**17.    Voidability of Settlement**

If the cumulative settlement amount Class Members who properly and timely opt-out of the Class are greater than $75,000, then Defendants may, but are not obligated to, void this Agreement on or before the date ten (10) calendar days after the Opt-Out Deadline by giving written notice to the Court and the Class Counsel and must subsequently provide notice to the Class. If the Defendants revoke this Agreement, the Parties will engage in a good faith effort to reach a modified settlement.  If the Parties are unable to reach an agreement, the Lawsuit will proceed as if there was no attempt at settlement and the Parties will return to their positions prior to the filing of the motion for preliminary approval of this Agreement.

**18.    Miscellaneous**

a.    The Defendants will not retaliate in any manner against the Named Plaintiff or any current or former employee(s) of BrightStar who (i) participated in the Lawsuit, or (ii) participates in the Settlement provided for in this Agreement.

b.    The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  The Parties have jointly drafted this Agreement through their respective counsel and, as such, this Agreement shall not be construed for or against any party by virtue of draftsmanship. The captions or headings of the paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

65912838v.2

c.       All of the terms and conditions of this Agreement in the exact form set forth herein are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

d.       This is a binding agreement, subject to approval by the Court, and may not be modified except by a writing executed by all of the Parties hereto. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court′s approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

e.       Class Counsel and the Named Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit, or any related action.

f.       In further consideration of the promises and obligations set forth in this Agreement, the Parties mutually agree that the proposed settlement terms shall remain confidential and not be disclosed to the media or public until the Settlement Agreement is submitted to the Court for approval. The Named Plaintiff and Class Counsel agree not to publicize or contact the media about this Agreement or disclose any information about the negotiations process, not to post the terms of the Settlement on any website or initiate contact with the media about the terms or the

21

negotiations. If asked by the media, the Named Plaintiff and Class Counsel agree to state only that "The matter was amicably settled."

g.      This Agreement arises from Class Members' employment within the State of Connecticut and, as such, shall be interpreted, construed, and governed by and in accordance with, the laws of the State of Connecticut without regard to Connecticut's choice of law principles.

h.      Following the final approval of this Agreement, the Court shall retain jurisdiction to enforce this Agreement and to resolve any disputes arising thereunder.

i.      This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Lawsuit. This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

**19.    Severability.**

a.      Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree that said court has the full discretion to interpret or modify all such provisions to render them enforceable. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect, which then shall be interpreted to bar any and all claims that any Class Member may have against any Releasee.

**20.    Notice.**

a.      Any notices required to be given under this Agreement shall be given either by overnight delivery (such as FedEx) or by certified first class mail, return receipt requested, postage prepaid. If notice is given by overnight delivery, it will be deemed effective on the delivery date,

as confirmed by the courier. If notice is given by certified first class mail, it will be deemed effective three days after it is sent. Notice shall be given to the following:

> If to BrightStar and/or the Individual Defendant:
>
> To:   Sandra R. Stanfield, Esq.
>        Stanger Stanfield Law, LLC,
>        433 South Main Street, Suite 112
>        West Hartford, CT 06110
>
> If to Named Plaintiff or Class:
>
> To:   Nitor V. Egbarin, Esq.
>        The Law Office of Nitor V. Egbarin, LLC,
>        100 Pearl Street, 14th Floor
>        Hartford, CT 06103-3007

**21.    Execution.**

This Agreement may be executed in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument. Any party may execute this Agreement by signing, or causing its counsel to sign, on the designated signature block below and transmitting that signature page via facsimile or email to the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email. Class Counsel and the Class Administrator shall be agreed to be third party beneficiaries of this Agreement.

Signed this __24th__ day of __September_____ 2020.

> _____//s//_____
>
> Gwendoline Aboah

Fairfield Healthcare Services, Inc.,
d/b/a BrightStar Care Of Fairfield & Southbury

By: _____

Its Duly Authorized Officer, Peter R. Moore

Signed this __24__ day of __September__ 2020.

_____

Peter Moore

65912838v.2