**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Gwendoline Aboah, individually, and on behalf of others similarly situated<br><br>Plaintiffs<br><br>V.<br><br>Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury and Peter R. Moore,<br><br>Defendants | CIVIL ACTION NO.:<br><br>3:20-cv-00763 (MPS)<br><br><br><br>September 25, 2020 |

**NOTICE OF CLASS AND COLLECTIVE ACTION LAWSUIT, PRELIMINARY APPROVAL OF SETTLEMENT AND HEARING FOR FINAL APPROVAL**

**TO:** All current and former home health aides (HHAs) who were employed by Fairfield Healthcare Services, Inc., d/b//a/ BrightStar Care of Fairfield & Southbury ("BrightStar" or "Defendant") and who worked one or more 24-hour-live-in shift anytime from May 15, 2018 to May 17, 2020 ("Rule 23 Settlement Class Members") or who worked one or more 24-hour-live-in shift anytime from May 15, 2017 to May 14, 2018 ("Third-Year Settlement Class Members") (together, "Settlement Class Members" or the "Class").

**RE:** Notice of settlement of a class and collective action lawsuit for alleged wage and hour violations and announcement of a Court hearing that you may choose to attend. You may be entitled to receive a payment under the terms of this class and collective action settlement. Payments will be made only if the Court approves the settlement and after appeals, if any, are resolved.

| YOUR OPTIONS UNDER THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | You are automatically entitled to participate in the Settlement. You will be paid as described in this Notice if you return a completed Form W-4 and W-9 as explained below. You will also be releasing Defendants from any further liability under the settlement |
| **OBJECT** | You may submit a written objection to the settlement by [DATE= 30 days post mailing]. To do so, you must mail your written request for exclusion |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you do not want to participate in the Settlement, you must complete and mail the attached Exclusion Form to "opt-out" of the Settlement no later than [DATE=30 days post mailing]. If you submit a timely and valid request to opt-out, you will not be bound by the Settlement and will not receive a payment. |

1

I.   **WHAT IS THIS LAWSUIT ABOUT?**

On June 2, 2020, Named Plaintiff Gwendoline Aboah ("Plaintiff") filed this lawsuit ("Lawsuit") in the United States District Court for the District of Connecticut. Plaintiff is represented by The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT 06103. The Court has approved The Law Office of Nitor V. Egbarin, LLC to act as attorneys for the Class (referred to as "Class Counsel") and has approved this Notice.

Plaintiff alleges that Defendants failed to properly pay HHAs who worked 24-hour-live-in shifts for meal time and sleep time interruptions under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA").

Defendants strongly deny any liability for all of Plaintiff's claims and assert they have no liability for any of Plaintiff's or the Class Members' claims under any statute, wage order, common law, or equitable theory. Defendants contend that they properly compensated Plaintiff and the Class at all times relevant to this Lawsuit and have not violated any laws. Defendants have agreed to the proposed Settlement without any admission of wrongdoing. Defendants reserve the right to object to and defend itself against any claim if the Settlement fails.

The Court has made no determination about the strengths and weaknesses of the claims or contentions of either Plaintiff or Defendants. However, in order to avoid the time, risks, and expense of continued litigation, Plaintiff and Defendants ("Parties") agreed to enter into a settlement of this case ("Settlement"). This Notice is not to be understood as an expression of any opinion by the Court as to the merits of the claims or defenses asserted by either side. There have been ongoing investigations and substantial exchanges of information.

II.  **WHY DID I RECEIVE THIS NOTICE?**

The Parties have settled this class and collective action lawsuit. Your employment records indicate that you are a member of the Class. If the Court approves the proposed Settlement, your legal rights may be affected. This Notice, which has been approved by the Court is only a summary. A more detailed document, called the "**NAME OF COMPLAINT**" is on file with the Court.

III. **WHO IS COVERED BY THE CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT?**

The proposed settlement covers the claims of certain current and former employees of Defendants (referred to as the "Rule 23 Settlement Class Members" and the "Third-Year Settlement Class Members') defined as follows:

**A.** All current and former home health aids (HHAs) employed by Defendants who worked one more 24-hour live-in shift anytime from May 15, 2018 to May 17, 2020 (the "Rule 23 Settlement Class").

**B.** All current and former HHAs employed by Defendants and who worked one or more 24-hour live-in shifts anytime from May 15, 2017 to May 14, 2018 (the "Third-Year Settlement Class").

There are approximately 188 individuals in the combined Class.

## IV. WHAT ARE THE TERMS OF THE SETTLEMENT?

The proposed settlement was agreed upon between Defendants and Class Counsel after exchanging information and a mediation with mediator Daniel Schwartz, and months of protracted negotiations. Class Counsel believes that this Settlement, the terms of which are summarized below, is fair, reasonable, adequate, and in the best interests of the Class.

### A. Overall Summary of the Settlement Terms.

Defendants will pay $302,000.00 to settle the claims of the Class (referred to as the "Total Settlement Amount") The Total Settlement Amount includes (1) payments to participating Class Members, (2) employee-taxes and withholdings; (3) the Service Award to Plaintiff for her service to the Class; and (4) Class Counsel's attorneys' fees and reasonable costs. The remainder, after deduction of these payments, is known as the Net Settlement Amount. No money from the Total Settlement Amount reverts back to Defendants.

After deducting attorneys' fees and expenses of Class Counsel, and payments to the Named Plaintiff, the Claims Administrator will distribute all remaining amounts (the "Net Settlement Fund") to Class Members based on the allocation formula set forth below in the section entitled "Distribution and Allocation of Settlement Proceeds."

### B. What Can I Expect to Receive?

Individual Settlement shares for the Rule 23 Settlement Class shall generally be based on the number of Covered Shifts worked by a participating Rule 23 Settlement Class Member and a lump-sum payment to each Third-Year Class Member, calculated as follows:

- $4,750 is allocated to the Third-year Settlement Class (the "Third-Year Fund"). Each Third-Year Settlement Class Member will receive a gross payment of $50.00.

- $161,997.72 is allocated to the Rule 23 Settlement Class (the "Rule 23 Settlement Fund"). Each Rule 23 Settlement Class member will receive a proportionate share of the Rule 23 Settlement Fund ("Individual Rule 23 Class Payment"). Your Individual Rule 23 Class Payment will be calculated by dividing the total number of Covered Shifts you worked during the Class Period by the total number of Covered Shifts (20,045) worked by the Rule 23 Settlement Class Members, multiplied by the Rule 23 Settlement Fund.

Defendants records indicate that you are a member of the [Rule 23 Settlement Class [and/or] a member of the Third-Year Settlement Class.] Its records indicate that you worked [____ Covered Shifts during the Class Period [and/or] at least one Covered Shift during the Third-Year Period.]] It is estimated that your total payment will be $____.

For the purpose of taxes and required withholdings: (1) 50% of your Individual Settlement Payment shall constitute wages (for which an IRS Form W-2 shall be issued); and (2) 50% will shall constitute liquidated damages and penalties (for which an IRS Form 1099 shall be issued). You will be issued appropriate tax forms for these amounts. Any and all employer taxes that Defendant would normally be responsible for paying will be paid by Defendants in addition to the Total Settlement Amount. You are responsible for any taxes owing on the non-wage portion of your payment. Nothing in this Notice, or in

3

any of the settlement documents is intended to provide any tax advice and you understand that Defendants, Defendants' counsel, Plaintiff, and Class Counsel are not giving any tax advice.

**In order to receive your payment, however, you must submit a current Form W-4 and Form W-9 by mailing it to BrightStar Care of Western Connecticut, 83 East Avenue, Suite 202, Norwalk, CT 06851, Attn: Stephanie Ward or via email to FHS.settlement.forms@gmail.com ] no later than [DATE= 30 days after Notice mailing].**

### C. Attorneys' Fees and Costs Sought

Class Counsel are entitled to attorneys' fees and costs for representing the Class. Class Counsel will request for attorneys' fees of one-third of the Total Settlement Amount, or $100,666.67, and reimbursement of declared litigation costs of $19,585.61. The actual amount awarded will be determined by the Court upon final approval of the Settlement.

### D. Service Award to the Class Representative

Plaintiff has been approved by the Court to serve as Class Representative. As Class Representative, Plaintiff is entitled to payment for her service to the Class. The Court has preliminarily approved a payment of $15,000.00. The actual amount awarded will be determined by the Court upon final approval of the Settlement.

## V. WHAT AM I GIVING UP IF I DO NOT OPT-OUT OF THE SETTLEMENT?

If the Settlement is approved by the Court,, in exchange for the consideration provided herein:

- The participating Rule 23 Settlement Class Members, i.e., those that do not opt-out, and their respective heirs, successors, executors, administrators, and assigns, shall fully and finally release and discharge the Released Parties, from any and all suits, actions, causes of action, claims, complaints, or demands of any kind, based on any violation of any federal, state, or local law, regulation, order, or rule pertaining to meal or rest breaks, overtime, minimum wage, hours of work, payment of wages or other compensation (including employment-related expenses), of any kind, including without limitation all claims that were or could have been asserted in the Lawsuit regarding events that occurred or are alleged to have occurred from the beginning of time until Preliminary approval under or relating to the Connecticut Minimum Wage Act, or any other Connecticut statute, rule, or regulation, order, or rule pertaining to meal or rest breaks, overtime, minimum wages, hours of work, or payment of wages or other compensation of any time; and all other contract, common law, tort, or other claims pertaining to meal or rest breaks, overtime, minimum wages, hours of work, or payment of wages or other compensation of any type. **If you do not exclude yourself by following the procedures set forth in this Notice and the Court approves the proposed Settlement, you will be deemed to have released the aforementioned claims, and as appropriate, will receive a payment.**

- Participating Settlement Class members who cash their individual settlement checks shall thereby release the Released Parties from any and all claims under the Fair Labor Standards Act, including those that were or could have been asserted in the Lawsuit regarding events that occurred or are alleged to have occurred from the beginning of time until Preliminary Approval.

## VI. HOW DO I RECEIVE A PAYMENT?

In order to receive a payment you need to fill out and submit the enclosed W-4 and W-9 Forms, either by **mailing it to BrightStar Care of Western Connecticut, 83 East Avenue, Suite 202, Norwalk, CT 06851, Attn: Stephanie Ward** or e-mailing it to FHS.settlement.forms@gmail.com **by [DATE=30 days after notice mailing]. If you are a Class Member and you move or change your address and want to receive your payment at your new address, you must send a notice of your change of address to Class Counsel at The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT 06103.**

## VII. WHAT ARE MY RIGHTS AND OPTIONS?

If you are a Class Member as defined above, you have the following rights and options under the proposed Settlement.

## VIII. YOUR RIGHTS AS A CLASS MEMBER

You have three options under this Settlement. You may: (A) remain in the Class and receive a payment under this Settlement; (B) exclude yourself from the Class and "opt-out"; or (C) object to the Settlement.

### A. Option 1: Participate in the Settlement, be represented by Class Counsel, and Receive a Settlement Payment

If you wish to remain in the Class and receive a payment under the Settlement, you need to return the enclosed W-4 and W-9 Forms. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendants. This means that you cannot sue, continue to sue, be a party, or be a class member or collective member in any other lawsuit against the Releasees based on the Released Claims or arising out of the issues raised in the Lawsuit.

### B. Option 2: Exclude Yourself from the Settlement by Opting Out

If you do not wish to participate in the Settlement, you may exclude yourself (or "opt-out") by completing and sending in an Exclusion Form (attached) requesting exclusion from the Settlement Class. To be effective, the Exclusion Form must be sent to the Claims Administrator by First Class Mail, postage prepaid, and must be postmarked by **[INSERT DATE = 30 days after mailing]**. The Claims Administrator address to which the Exclusion Form must be mailed is: The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT 06103.

### C. Option 3: Object to the Terms of the Settlement

If you are dissatisfied with the terms of the Settlement, you may, object to the Settlement. All objections must be set forth in a written statement and mailed to the Court and the Claims Administrator ("Written Objection") at The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT 06103. The Written Objection must be postmarked by **[INSERT DATE = 30 DAYS AFTER MAILING OF NOTICE].** The Written Objection must include: (1) the words, "I object to the BrightStar wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) your name, job title, address, and telephone number.

If you wish to appear at the Fairness Hearing, you must state your intention to do so in your Written Objection. You may withdraw your Written Objection at any time. You may not appear at the Fairness Hearing unless you file a timely Written Objection that complies with the procedures set out in this notice. You may not present an objection at the Fairness Hearing based on a reason not stated in your Written Objection.

An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.

## IX. <u>WHEN IS THE COURT HEARING AND WHAT IS IT FOR?</u>

The Court will hold the Final Approval Hearing by videoconference in the Abraham Ribicoff Federal Building, United States District Court, 450 Main Street, Suite A012, Hartford, CT 06103, at 00:00 a.m., on _____, 2020, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve the fees and costs of Class Counsel, and the Service Award to the Class Representative. **It is not necessary for you to appear at this hearing to participate in the Settlement.** If you want to be heard orally in support of, or in opposition to, the Settlement (for instance, if you have submitted an objection), either personally or through counsel, you must comply with the procedures set forth above.

## X. <u>PROHIBITION AGAINST RETALIATION</u>

If you are a current employee, you should know that BRIGHTSTAR is prohibited by law from retaliating against you for participating in this settlement. The parties agree that this is a fair settlement and recommend each Class Member to remain in the class and accept the settlement monies. BRIGHTSTAR emphasizes that there will be no retaliation against any Class Member for remaining in the class.

## XI. <u>HOW CAN I GET MORE INFORMATION?</u>

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the Class and Collective Action Settlement Agreement. The Class and Collective Action Settlement, as well as the pleadings and other records in this litigation, including Motion for Preliminary Approval, Motion for Final Approval, and Motion for Attorneys' Fees, Costs, and Service Payment, are available by accessing the Court docket in this case through the Court's Public Access to Electronic Records (Pacer) system at https://pacer.uscourts.gov. If you wish to obtain a copy of the Settlement Agreement, or if you have other questions, you may also contact Class Counsel at The Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, CT 06103 [**ADD PHONE &/OR EMAIL**].

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

**THE COURT HAS APPROVED THIS NOTICE.**

Notice of Class and Collective Action Lawsuit, Preliminary Approval of Settlement and Hearing for Final Approval