# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Gwendoline Aboah, individually, and on behalf of others similarly situated**<br><br>**Plaintiffs**<br><br>**V.**<br><br>**Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury and Peter R. Moore,**<br><br>**Defendants** | : : : : : : : : : : : : : : | **CIVIL ACTION NO.:**<br><br>**3:20-cv-00763 (MPS)**<br><br><br><br>, 2020 |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order of_____, 2020 following preliminary approval of the Settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion for Final Approval of the proposed settlement (ECF ---) is **GRANTED**. The Settlement Agreement is deemed incorporated herein and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

2. Except as otherwise specified herein, the Court adopts all defined terms set forth in the parties' Settlement Agreement, dated August __, 2020 (the "Agreement").

3. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified as a class action on behalf of the Rule 23 Settlement Class, and the Court finally appoints Plaintiff Gwendoline Aboah as the Class Representative and Nitor V. Egbarin, Law Office of Nitor V. Egbarin as Class Counsel for the Settlement Class.

4. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as the -------- (ECF No. --), is fundamentally fair, reasonable, and adequate, concerns a bona fide dispute, and is in the best interests of the Rule 23 Settlement Class Members, especially in light of the benefits achieved on behalf of them and the risk of delay inherent in any litigation.

5. The Court also finds that final collective action certification is appropriate under the Fair Labor Standards Act of 1939, 20 U.S.C. §§ 201, *et. seq.* (the "FLSA") for settlement purposes only, and that the Settlement Agreement does not frustrate the purposes of the FLSA.

6. The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Defendants FAIRFIELD HEALTHCARE SERVICES, INC., D/B/A BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY, ("BRIGHTSTAR") and PETER R. MOORE (collectively, "Defendants") and all members of the Rule 23 Settlement Class Members, who are identified on Exhibit A hereto and all members of the Third-Year Settlement Class Members who are identified on Exhibit B hereto (together, the "Settlement Class").

7. If, for any reason, this Agreement does not become Effective, the parties shall return to their respective positions in the Action as those positions existed immediately before execution of the Agreement, and the class will be deemed not certified and there will be no appointment of class representative or class counsel.

8. This Order is binding on all Settlement Class Members. There were no opts-out of the Rule 23 Class who excluded themselves. There were also no objections filed, nor did any objectors appear at the Fairness Hearing. **[To be modified as necessary]**

9. As a result of the settlement that has been approved in this Lawsuit, as of the Effective Date, Plaintiff and each Settlement Class Member release and discharge the Releasees from the Released Claims as these terms are defined in the Settlement Agreement.

10. BRIGHTSTAR shall pay Class Counsel's fees in the amount of $100,666.67 and costs and expenses in the amount of $19,587.61, and a Service Award to the Class Representative in the amount of $15,000 for her service to the Class, including direct participation in Class Counsels' fact investigation and the settlement negotiations. These fees and costs are in addition to the settlement benefits the Settlement Class will receive from the Settlement Fund. The Court finds that this award is fair and reasonable. The payment shall be made accordingly as set forth in the Settlement Agreement. Defendants shall not be required to make any additional payments in connection with the Settlement.

11. Final Judgment is hereby entered in this Lawsuit consistent with the terms of the Settlement Agreement.

12. The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any liability, and all liability is expressly denied.

13. The Lawsuit against Defendants is hereby dismissed with prejudice. The Court shall retain exclusive and continuing jurisdiction over the Lawsuit and all settlement parties to interpret and enforce the terms, conditions, and obligations of this Settlement Agreement.

14. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2020

_____
The Honorable Michael P. Shea
United States District Judge