## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GWENDOLINE ABOAH and TANIA STEWART, individually and on behalf of all others similarly situated, | ) ) ) | 3:20-CV-00763 (SVN) |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| | ) | FEBRUARY 14, 2022 |
| FAIRFIELD HEALTHCARE SERVICES, INC. d/b/a BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY and PETER R. MOORE, | ) ) ) ) | |
| *Defendants*. | ) | |

## RULING AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Sarala V. Nagala, United States District Judge.

Plaintiffs Gwendoline Aboah and Tania Stewart, who were employed as live-in home health aides by Defendant Fairfield Healthcare Services, Inc., d/b/a BrightStar Care of Fairfield & Southbury ("BrightStar") (together with Defendant Peter R. Moore, "Defendants"), brought this action under the Fair Labor Standards Act. Plaintiffs allege, individually and on behalf of all others similarly situated, that Defendants failed to accurately record hours worked by their employees and failed to properly compensate the employees for overtime.

Presently before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint. ECF No. 48. Plaintiffs previously amended their complaint in March of 2021. ECF No. 30. They now seek to file a Second Amended Complaint, which adds allegations Plaintiffs claimed to have learned during discovery concerning the provision of food and lodging to Plaintiffs in the course of their employment. Plaintiffs argue that the cost of the food and lodging furnished to them should be included in their regular rate of pay, which in turn increases their overtime rate of pay and their resulting damages from Defendants' alleged failure to pay them appropriate

overtime wages.  Defendants oppose the motion for leave to amend, arguing that it was untimely filed and that the proposed amendments are futile.

For the reasons described below, the Court GRANTS Plaintiffs' motion for leave to file the Second Amended Complaint.

## I.        RELEVANT BACKGROUND

Plaintiff Aboah initiated this action by filing a complaint on June 2, 2020.  ECF No. 1.  The original complaint stated causes of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the Connecticut Wage Act, Conn. Gen. Stat. 31-58, *et seq*.  ECF No. 1, ¶¶ 70-79.  Early in the case, the parties proposed a settlement, but United States District Judge Michael P. Shea rejected the settlement proposal.  ECF No. 18.  The parties proceeded to submit a Rule 26(f) Report that stated, in the section concerning amendments to the complaint: "The Plaintiffs should be allowed until March 28, 2021 to amend the pleadings as of right and reserve the right to amend the complaint after that date as allowed by the Federal Rules of Civil Procedure."  ECF No. 26 at 6.  Plaintiff Stewart subsequently joined the action as a named Plaintiff, and Plaintiffs filed the First Amended Complaint on March 12, 2021.  ECF No. 30.

On April 29, 2021, Judge Shea entered a scheduling order in the case.  ECF No. 36.  The Scheduling Order stated, in relevant part:  "The parties' Rule 26(f) Report (ECF No. 26) is APPROVED, except as set forth in this order."  ECF No. 36 at 1.  The Scheduling Order did not address the parties' proposed deadlines for amendment of pleadings.  Since the Scheduling Order provided that the Rule 26(f) Report was approved unless otherwise stated, the parties' positions in the Rule 26(f) Report with respect to amendment of pleadings were adopted by the Court. Specifically, as relevant here, Plaintiffs were allowed until March 28, 2021, "to amend the

pleadings as of right," and Plaintiffs "reserve[d] the right to amend the complaint after that date as allowed by the Federal Rules of Civil Procedure." ECF No. 26 at 6.

The parties proceeded with discovery. On July 28, 2021, Plaintiffs deposed Stephanie Ward, Defendant BrightStar's Director of Operations. During that deposition, Plaintiffs allegedly learned for the first time that individuals employed by BrightStar as home health aides or live-in caregivers ("HHAs") who work live-in shifts of 24-hours "are provided food and lodging," but that Defendants' paystubs for Plaintiffs "did not make any additions to the cash wages for furnishing food and lodging in computing overtime pay for their live-in caregivers." ECF No. 48-1, Memo. In Supp. of Mot. for Leave to Amend, at 2. In light of this new information, on August 26, 2021, Plaintiffs moved for leave to file a proposed Second Amended Complaint ("SAC"). ECF No. 48. The proposed SAC added allegations concerning the provision of food and lodging to Plaintiffs and other live-in HHAs, including allegations about how Plaintiffs' overtime pay should have been calculated, had the value of food and lodging been considered. *See* ECF No. 48-2, ¶¶ 82-88. The proposed SAC also states that "[a]ny contribution toward wages the consumer (or consumer's family or household) has made, including by paying for lodging provided to the employee, may be counted toward the third party employer's wage obligation." *Id.*, ¶ 45.

Plaintiffs argue that the Court should grant their motion for leave to file the SAC. Initially, Plaintiffs argued that the Rule 16(b) standard of "good cause" should apply to the determination of whether the Court should allow the amendment. In their reply brief, however, Plaintiffs cited to the Second Circuit's then-recent decision in *Sacerdote v. New York University*, 9 F.4th 95 (2d Cir. 2021), to support an argument that Rule 15(a)(2)'s more lenient standard—that the Court should "freely give leave when justice so requires"—should apply. Plaintiffs argue that there was no undue delay or bad faith involved in seeking the amendment, and that the amendment would

not be futile. *See Sacerdote*, 9 F.4th at 115 (recognizing that the only grounds on which denial of leave to amend under Rule 15(a)(2) has been held proper are undue delay, bad faith, dilatory motive, and futility).

Defendants oppose the motion for leave to amend. First, they argue that the Rule 16(b) good cause standard should apply, instead of Rule 15(a)(2)'s more liberal standard. Second, they argue that Plaintiffs were not diligent in seeking to amend because they knew or should have known much earlier in the case that food and lodging had been furnished to them. Third, they claim the amendment would be futile because BrightStar allegedly did not provide Plaintiffs with food or lodging.

## II.    LEGAL STANDARD

The Court holds that Rule 15(a)(2), not Rule 16(b), provides the legal standard against which Plaintiffs' motion for leave to amend should be measured. Rule 15(a) governs amendments before trial. Rule 15(a)(1) addresses time periods during which a party may amend its pleading once as a matter of course. Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2) is a "liberal" and "permissive" standard, and "'the only grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote*, 9 F.4th at 115 (quoting *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

Rule 16(b), on the other hand, pertains to the issuance of deadlines through a scheduling order, and imposes a "stricter" standard than Rule 15(a)(2). *Sacerdote*, 9 F.4th at 115. Specifically, Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with

the judge's consent."  In *Sacerdote*, the Second Circuit explained:  "The period of liberal amendment [under Rule 15] ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.  It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up[on] a showing of the good cause that is required to modify a scheduling order under Rule 16(b)(4)."  *Sacerdote*, 9 F.4th at 115 (internal quotation marks omitted).

In this case, the Scheduling Order issued by the Court did not set forth any specific instructions regarding amendment of the pleadings and, most significantly for present purposes, did not set a date after which no amendment would be permitted.  ECF No. 36.  By operation of its silence on the issue of a firm deadline after which amendments would be impermissible, the Court's more general adoption of the Rule 26(f) Report took effect.  *Id.* at 1.  The Rule 26(f) Report simply provided March 28, 2021, as a deadline for an amendment "as of right" and, in the Report, Plaintiffs explicitly "reserve[d] the right to amend the complaint after that date as allowed by the Federal Rules of Civil Procedure."  ECF No. 26 at 6.

Under these circumstances, *Sacerdote* counsels in favor of applying Rule 15(a)(2)'s more liberal amendment standard.  There was no scheduling order in place setting a date after which no amendment would be permitted except upon a showing of good cause.  Therefore, the Court will analyze Plaintiffs' motion under Rule 15(a)(2)'s "liberal" and "permissive" standard, with an eye toward giving leave "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Sacerdote*, 9 F.4th at 115.

As part of this analysis, the Court must examine whether Plaintiffs acted with undue delay, bad faith, or dilatory motive, and whether the proposed amendments would be futile.  *Sacerdote*, 9 F.4th at 115.  Importantly, the trend in this Circuit "has been to allow a party to amend its

pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). "A litigant may be 'prejudiced' within the meaning of the rule if the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Id.* Yet, "mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (alteration in original).

### III.    DISCUSSION

With the liberal standard of Rule 15 in mind, the Court must determine whether Plaintiffs should be permitted to amend their complaint with the new information they learned concerning the provision of food and lodging to Plaintiffs and potential class members. Defendants do not assert that Plaintiffs' motion to amend was made in bad faith or with dilatory motive. Thus, the Court focuses on whether Plaintiffs' motion should be denied because of undue delay, prejudice to Defendants, or futility.

#### A.   Undue Delay

The Court may not "deny the right to amend" based on "mere delay, . . . absent a showing of bad faith or undue prejudice." *Pasternack*, 863 F.3d at 174 (alteration in original). Defendants contend that Plaintiffs were not diligent in asserting the allegations in their proposed amendments because Plaintiffs should have known much earlier in the case whether food and lodging was provided to them. ECF No. 49, Opp. to Mot. for Leave to Amend, at 4-5. However, even assuming Plaintiffs could have asserted their new allegations sooner, such a delay, standing alone, would not be sufficient to defeat Plaintiffs' motion. Rather, Defendants must also show that Plaintiffs have

acted in bad faith, which Defendants do not argue, or that Defendants would suffer undue prejudice.

### B. Prejudice to Defendants

Defendants' briefing regarding prejudice is sparse. Defendants argue prejudice only once, in a footnote opposing Plaintiffs' request that the Court extend the deadlines for filing motions for class certification. *See* ECF No. 49 at 2 n.1 ("Defendants seek a speedy resolution of this litigation and another delay will prejudice Defendants."); *see also* ECF No. 48-1, Memo. In Supp. of Mot. for Leave to Amend, at 5-6 (stating that "[p]rejudice is not one of the reasons in the email [Defendants'] counsel sent on August 24, 2021, to oppose this motion to amend"). Plaintiffs rebut Defendants' minimal claims of prejudice by noting Defendants had the opportunity to question Plaintiffs about food and lodging during their depositions in August 2021, so it is not as if Defendants have not had an opportunity to contest Plaintiffs' theory. *See* ECF No. 48-1 at 4-5. Defendants also have not argued that the amendments would require the expenditure of significant additional resources to conduct discovery and prepare for trial, or that they would significantly delay the resolution of the dispute. *See Pasternack*, 863 F.3d at 174 (listing factors that constitute prejudice). Thus, Defendants have failed to make a showing of prejudice in this case.

### C. Futility

Defendants focus their arguments against the proposed amendments on the concept of futility. Specifically, they claim that the proposed amendments would be futile because "there is no factual or legal basis" for the new allegations. ECF No. 49 at 1.

"The party opposing a motion to amend bears the burden of establishing that amendment would be futile." *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018). "An amendment to a pleading is futile if the

proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Markey v. Cameron Compression Sys.*, No. 10-CV-0377A (SR), 2012 WL 13180427, at *2 (W.D.N.Y. Sept. 20, 2012) (internal quotation marks omitted). Accordingly, "a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not 'plausibly give rise to an entitlement to relief.'" *Brach Fam. Found., Inc.*, 2018 WL 1274238, at *1.

If, however, "the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, the Court "should dismiss claims for futility 'only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.'" *Richard Mfg. Co. v. Richard*, 513 F. Supp. 3d 261, 290 (D. Conn. 2021).

Defendants claim that Plaintiffs' proposed amendments would be futile because, in Defendants' view, deposition testimony obtained during discovery has established that BrightStar did not pay for either named Plaintiff's food or lodging and, as such, Defendants did not need to factor payments for food or lodging into Plaintiffs' regular or overtime pay. ECF No. 49 at 3-4, 6-10. In support of this argument, Defendants have attached, as exhibits to their briefing, excerpts from the depositions of Plaintiffs and of Stephanie Ward, BrightStar's Director of Operations, and a copy of a paystub for Plaintiff Aboah. *Id.*, Ex. A, B, C, & E.

Defendants put great emphasis on their interpretation of the so-called "section 3(m) credit." *Id.* at 6-8; *see* 29 U.S.C. § 203(m); 29 C.F.R. § 531.3.  The relevance of the section 3(m) credit stems from 29 C.F.R. § 778.116, which provides that "[w]here payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate."  Defendants argue that food and lodging need only be included in an employee's regular rate of pay where an employer accepts a section 3(m) credit towards its minimum wage obligations for the reasonable cost of providing such food and lodging.  ECF No. 49 at 6-7. According to Defendants, the reasonable cost or fair value of Plaintiffs' food and lodging did not need to be included in their regular rate of pay because BrightStar never accepted a section 3(m) credit.  In attempting to establish the inapplicability of section 3(m), Defendants rely heavily on the exhibits attached to their briefing.

The flaw in Defendants' futility argument is that it is based not on the adequacy of the allegations in the proposed SAC, but instead on matters outside the pleadings.  Defendants make no claim in their futility argument that the proposed SAC fails to meet the pleading thresholds established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Defendants' pending partial motion to dismiss, ECF No. 35, which Defendants stated they intend to pursue even if the Court grants Plaintiffs' motion for leave to file the SAC, does not allege any pleading insufficiency.  Indeed, during oral argument, Defendants' counsel conceded that the proposed SAC adequately stated a claim as to Defendants' provision of "in-

kind" food and lodging.[1]  Defendants instead quarrel with the central factual assertion of the proposed SAC:  they claim, contrary to Plaintiffs' allegations, that BrightStar did not provide food and lodging to the Plaintiffs and other live-in HHAs.  They ask the Court to consider deposition testimony and the paystub copy, *see* ECF No. 49, Ex. A, B, C, & E—materials that clearly fall outside the pleadings—in an effort to engage the Court in this factual dispute.

But consideration of these materials at this stage would run contrary to the well-established legal standards the Court uses to assess a motion to dismiss for failure to state a claim.  *See, e.g.*, *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (in deciding a motion to dismiss for failure to state a claim, the Court must "accept[] the complaint's factual allegations as true and draw[] all reasonable inferences" in favor of the non-moving party); *Kopec v. Coughlin*, 922 F.2d 152, 155-56 (2d Cir. 1991) ("[w]hen presented with material outside of the pleadings pursuant to a Rule 12(b)(6) motion to dismiss, the district court must either disregard such material" or convert the motion to one for summary judgment and allow the parties to submit evidence); *DiPace v. Goord*, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004) ("Normally, a motion to amend is adjudicated without resort to any outside evidence.").

Here, Plaintiffs have alleged that Defendants furnished food and lodging to Plaintiffs and other live-in HHAs, but did not include the value of those items in calculating Plaintiffs' regular and overtime pay rates.  ECF No. 48-2, ¶¶ 82-88.  The Court must accept that allegation as true for purposes of determining whether Plaintiffs have failed to state a claim and, in turn, whether their proposed amendments are futile.  At this juncture, the Court cannot accept Defendants'

---

[1] Defendants' counsel asserted at oral argument that the proposed SAC did not state a claim under the reimbursement method of food provision.  Plaintiffs' counsel countered that the language of the proposed SAC simply states that Defendants "furnished" food and lodging to Plaintiffs and other live-in HHAs, rendering the allegation broad enough to cover both "in-kind" and reimbursement payments.  The Court agrees with Plaintiffs.  Defendants are of course free to argue at the summary judgment stage that they are entitled to judgment as a matter of law on the issue of food reimbursement payments, if the evidence supports such an argument.

contention, based on materials outside of the pleadings, that BrightStar did not in fact provide food or lodging to Plaintiffs.

Defendants' argument regarding the inapplicability of the section 3(m) credit also raises complex legal and factual issues, such as whether BrightStar and its clients were "joint employers" of Plaintiffs and, if so, whether BrightStar was obligated to include food and lodging provided to Plaintiffs by its clients in Plaintiffs' regular rate of pay.  Plaintiffs have alleged in the proposed SAC that "[a]ny contribution toward wages the consumer (or consumer's family or household) has made, including by paying for lodging provided to the employee, may be counted toward the third party employer's wage obligation."  ECF No. 48-2, ¶ 45.  The issues of whether BrightStar or the clients furnished food and lodging to Plaintiffs; whether the clients and BrightStar are joint employers of Plaintiffs; and whether a 3(m) credit (or lack thereof) impacts BrightStar's wage obligations are best resolved at a later point in the case, after the parties have fully developed the factual record.

Therefore, taking Plaintiffs' allegations as true, as it must at this stage, the Court determines that the proposed amendments do not fail to state a claim and are therefore not futile.  It is possible, of course, that Defendants' assessment of the merits of Plaintiffs' claims is correct.  But the proper procedural vehicle for raising those arguments is a motion for summary judgment, in which material outside of the pleadings will be considered.  *See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block—Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) (when "the alleged futility of the amendment rests on findings of fact we prefer to let the district court resolve the factual issues" in the context of a motion for summary judgment); *Curtis v. Citibank*, No. 97CIV.1065(KMW)(THK), 1998 WL 3354 (S.D.N.Y. Jan. 5, 1998) (rejecting defendant's attempt to use deposition testimony to argue that a proposed amendment would be futile, granting motion

for leave to amend, and directing defendant to file a summary judgment motion to advance its arguments on the substantive merits of the claims) (collecting cases).

**IV.     CONCLUSION**

In sum, the Court finds that, under Rule 15(a)(2), justice requires affording Plaintiffs leave to file their Second Amended Complaint.  For the reasons explained above, the Court GRANTS Plaintiffs' Motion for Leave to File the Second Amended Complaint.  The Clerk is directed to docket ECF No. 48-3 as the Second Amended Complaint.


**SO ORDERED** at Hartford, Connecticut, this 14th day of February, 2022.


 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE