# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GWENDOLINE ABOAH AND TANIA STEWART,<br>    *Plaintiffs*, | ) | 3:20-cv-00763 (SVN) |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAIRFIELD HEALTHCARE SERVS., INC. d/b/a, BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY,<br>    *Defendant*. | ) | December 18, 2024 |
| | ) | |

## RULING AND ORDER ON DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR CERTIFICATION TO CONNECTICUT SUPREME COURT AND PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

Sarala V. Nagala, United States District Judge.

Plaintiffs Gwendoline Aboah and Tania Stewart, formerly live-in caregivers for Defendant Fairfield Healthcare Services, d/b/a BrightStar Care of Fairfield & Southbury ("BrightStar"), brought this action seeking to recover unpaid compensation pursuant to Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq*. In September of 2021, Plaintiffs moved for class certification under Rule 23 for claims of unpaid wages under the CMWA. ECF No. 52. The Court denied this request and later denied Plaintiffs' subsequent motion for reconsideration. *See* ECF Nos. 83, 88. In July of 2024, the Court ruled on BrightStar's and Plaintiffs' motions for summary judgment,[1] leaving the following claims remaining for trial: (1) FLSA and CMWA overtime claims for failure to use the proper regular rate in overtime compensation that has already been

---

[1] In reviewing its decision on the parties' summary judgment motions, the Court noticed a material typographical error. Specifically, on page 22, the Court stated: "It is undisputed that BrightStar *did avail* itself of a 203(m) credit . . . ." (emphasis added). That sentence should have read: "It is undisputed that BrightStar did *not* avail itself of a 203(m) credit . . . ." (emphasis added). As this typographical error is substantive, the Court will be issuing an amended ruling correcting this error.

paid; (2) FLSA sleep time claims based on lack of an agreement; (3) CMWA claims for double damages, concerning whether BrightStar acted in good faith in failing to document an agreement to exclude sleep time in writing; and (4) FLSA claims based on lack of an agreement to exclude meal time.  ECF No. 167 at 44.  The issue of damages also remains for trial.

After the Court's ruling, the parties filed separate motions that the Court now addresses. First, BrightStar moves for the Court to certify an interlocutory appeal to the U.S. Court of Appeals for the Second Circuit and to certify two questions to the Connecticut Supreme Court.  Second, Plaintiffs bring a renewed motion for class certification.  For the reasons described below, both motions are DENIED.

## I.    BRIGHTSTAR'S MOTIONS

### A.  Certification to the U.S. Court of Appeals for the Second Circuit

BrightStar seeks to have the following question certified for interlocutory appeal to the Second Circuit:

> Whether, as a matter of law, food and lodging provided to live-in caregivers is remuneration under 29 U.S.C. § 207(e) absent an agreement between the parties that food and lodging will be regarded as a form of wages.

For the following reasons, BrightStar's request is denied.

It is a fundamental principle of federal law to delay appellate review until a final judgment has been entered.  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Nonetheless, a district court may certify an interlocutory appeal of an order to a circuit court of appeals if the court determines that (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Interlocutory appeals are "presumptively disfavored," and a district court has "broad

discretion to deny certification even where the statutory criteria are met." *United States ex rel. Quartararo v. Catholic Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021). The party seeking interlocutory appeal has the burden of showing "exceptional circumstances" to "overcome the general aversion to piecemeal litigation" and "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24–25 (2d Cir. 1990) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.") (cleaned up; citation omitted).[2]

The question of whether food and lodging constitute "remuneration" under Section 207(e) of the FLSA is a controlling question of law, satisfying the first requirement. The Second Circuit has held that "resolution of an issue need not necessarily terminate an action in order to be 'controlling.'" *Klinghoffer*, 921 F.2d at 24. District courts have instead examined whether resolution of the issue would "materially affect the litigation's outcome" and whether the issue is a pure question of law that the court of appeals could decide "quickly and cleanly" without having to study the record. *United States ex rel. Quartararo*, 521 F. Supp. 3d at 275–76. The question posed here is a purely legal issue and would materially affect the litigation's outcome, in the sense that the issue is determinative of Plaintiffs' regular rate of pay, which affects damages calculations for Plaintiffs' FLSA overtime claims.

The second element, whether there is a substantial ground for a difference opinion, also supports certification. This element is met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Id.* at 277. The Court acknowledges that there is conflicting authority on the issue, with the three cases on

---

[2] The Court addressed the timeliness of BrightStar's motion for certification of an interlocutory appeal in its order at ECF No. 171.

which BrightStar relies holding, on the one hand, that the employer and the employee must agree to include certain payments for them to qualify as remuneration, and *Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002), holding, on the other hand, that the value of lodging was to be included as remuneration. The Court also recognized in its ruling that the Second Circuit had not decided this question. *See* ECF No. 167 at 21. The Court previously found, and continues to believe, that BrightStar's cases are distinguishable for various reasons. But it recognizes there is a substantial ground for a difference of opinion, as that requirement is interpreted under Section 1292(b).

The third factor—that an immediate appeal from the order may materially advance the ultimate termination of the litigation—weighs heavily against certification, however. This factor, which concerns judicial efficiency, "is considered the most important of the factors." *In re Liddle & Robinson, L.L.P*, No. 20 CIV. 865 (ER), 2020 WL 4194542, at *5 (S.D.N.Y. July 21, 2020). It is met when an interlocutory appeal "promises to advance the time for trial or to shorten the time required for trial." *Id.* In their analysis of this factor, courts can consider the time an appeal may take in delaying the termination of litigation. *Batalla Vidal v. Nielsen*, Nos. 16-cv-4756, 17-cv-5228 (NGG) (JO), 2018 WL 333515, at *3 (E.D.N.Y. Jan. 8, 2018) ("[T]he court is mindful of—and indeed, deeply concerned by—the risk that an interlocutory appeal would unreasonably delay the prompt resolution of these cases.").

As this case has been pending since 2020 and is now trial-ready, the Court cannot conclude that interlocutory appeal will materially advance the termination of the litigation. First, an interlocutory appeal on the issue of whether food and lodging qualify as remuneration will not obviate the need for a trial in this case, as other issues that remain slated for trial are not dependent on this issue. If BrightStar were to ultimately be successful on the remuneration issue on appeal, the Court is not convinced that a new trial on damages would be necessary:  in any damages

4

calculations, the regular rate without the value of food and lodging included could simply be substituted for the regular rate with those items included.

BrightStar does identify one issue that could result in a longer trial, should certification for an interlocutory appeal be denied:  presentation of evidence of the value of meals provided to Plaintiffs over the course of their employment.  *See* Def.'s Br., ECF No. 173 at 9.  While inclusion of this issue will lengthen the trial in some fashion, the Court cannot find that its inclusion would so prolong the trial as to outweigh the delay that would be occasioned by an interlocutory appeal. Were Plaintiffs' counsel to endeavor to question Plaintiffs as to the value of their meals for each day of their work for BrightStar in a serial fashion, the Court would exercise its discretion under Federal Rule of Evidence 611 to manage the trial to make the procedure effective and not waste time.

Accordingly, the Court finds that the most important factor weighs heavily against certification.  Certifying this case for interlocutory appeal would not materially advance the termination of this trial-ready matter.  Indeed, because it could take at least months for the appeal to resolve, it would work against that objective.

For these reasons, exercising its discretion, the Court will not certify BrightStar's proposed question for interlocutory appeal.

B.  Certification to the Connecticut Supreme Court

BrightStar also seeks to have two questions certified to the Connecticut Supreme Court:

> Whether, as a matter of law, food and lodging provided to live-in caregivers is remuneration under Connecticut General Statute Section 31-76b(1) absent an agreement between the parties that food and lodging will be regarded as a form of wages; and

> Whether, as a matter of law, Conn. Gen. Stat. § 31-76b(2)(D) precluded BrightStar from excluding eight hours of sleep time from Plaintiffs' compensable time absent a written agreement to do so.

For the following reasons, BrightStar's request is denied.

The Connecticut Supreme Court may answer "a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d). Certification is a "discretionary device." *Valls v. Allstate Ins. Co.*, 919 F.3d 739, 742 (2d Cir. 2019). In determining whether to certify a question to the Connecticut Supreme Court, district courts in the District of Connecticut consider: "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." *Mujo v. Jani-King Int'l, Inc.*, 13 F.4th 204, 215 (2d Cir. 2021). A federal court should not certify a question of unsettled state law "merely because state law permits it." *Id.* Rather, the Court must resort to certification "sparingly, mindful that it is [the federal court's job] to predict how the Connecticut Supreme Court would decide the issues before [it]." *Id.* (cleaned up).

The first factor, the absence of authoritative state court decisions, weighs in favor of certification, but only slightly. For the CMWA food and lodging claim, the Court relied on *Kinkead v. Humana at Home, Inc.*, 450 F. Supp. 3d 162, 183–84 (D. Conn. 2020), which cited *Williams v. Gen. Nutrition Ctrs., Inc.*, 326 Conn. 651, 659 (2017), for the proposition that the regular rate under the CMWA is calculated in the same manner as the regular rate is calculated under the FLSA. *Williams* recognized that the FLSA and CMWA were "identical" in relevant respects and that there was no need to interpret the relevant provisions of these laws differently. *Id.* at 659. For this reason, *Williams* strongly supports the Court's conclusion that the term

"remuneration" would include food and lodging under the CMWA, just as it does under the FLSA. The Court acknowledges, however, that *Williams* did not address the specific issue of whether Connecticut law required the value of food and lodging to be included in the regular rate of pay, absent an agreement between the parties. *Id.* The Court is unaware of any controlling state court decision addressing this precise issue.

As for the sleep time claim, the Court is also unaware of an authoritative state court decision on the specific question sought to be certified. While *Nettleton v. C & L Diners, LLC*, 219 Conn. App. 648 (2023), provides the general framework for determining whether a provision of law is "mandatory," meaning that noncompliance gives rise to a private cause of action, or "directory," meaning that noncompliance does not give rise to a private cause of action, the Court has not identified an authoritative state court case that prescribes how the *Nettleton* factors should be applied in the Conn. Gen. Stat. § 31-76b(2)(D) and live-in caregivers context. Thus, the first factor weighs in favor of certification, but not heavily, as the Court's ruling was anchored in relevant state case law.

The second factor—the importance of the issue to the state—weighs against certification. BrightStar generally argues that the proper payment of wages is an important issue for the State of Connecticut and identifies general policy statements supporting that proposition at a high level of generality. *See* Def.'s Br. at 11. It is true that where the issues involve "the weighing of policy concerns, principles of comity and federalism strongly support certification." *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 334 (2d Cir. 2015), *certified question answered*, 326 Conn. 540 (2017). But as to the questions proposed to be certified, both arising out of and concerning the rather specific context of live-in caregivers, BrightStar does not offer any argument as to why the questions proposed for certification concern issues arising to the level of importance contemplated by the

second factor.  Moreover, the questions presented do not involve the weighing of policy concerns as much as they involve basic statutory construction.  *See id.*

Finally, certification will not fully resolve the litigation.  Certification of the state law question, for instance, will not affect the FLSA overtime claim premised on the inclusion of food and lodging in the federal definition of remuneration.  Moreover, BrightStar's argument that certification would aid in facilitating the resolution of this litigation is inherently weaker than it would have been had BrightStar sought certification at an earlier stage of this litigation.  The parties and the Court have already expended significant resources litigating the very questions to be certified.  BrightStar's motion effectively functions as a motion for reconsideration:  this Court has ruled against it, and so it wants another bite at the apple, before a different court.  As BrightStar seeks to have these questions certified at a late stage in this case, the Court cannot find that certification is more advantageous in aiding resolution of the litigation, particularly in light of the inherent delays intendant to certification.  *See Valls*, 919 F.3d at 742 ("Certification also inevitably delays the resolution of the case, sometimes for well more than a year.").

Given that two of the three factors weigh against certification and in light of this Court's broad discretion in deciding a motion for certification, the Court finds that certification of questions to the Connecticut Supreme Court is not warranted.  Accordingly, BrightStar's motion is denied.

## II.    PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

### A.    Background

In September 2021, Plaintiffs moved for class certification for their claims of unpaid wages under the CMWA.  ECF No. 52.  The Court denied the motion.  ECF No. 83.  The Court reasoned that Plaintiffs had failed to demonstrate by a preponderance of the evidence that common questions

of law and fact would predominate over any questions affecting only individual putative class members and that Defendants' liability for Plaintiffs' claims would hinge on fact-specific inquiries for each individual live-in caregiver, including what written agreements, if any, Defendants entered into with specific live-in caregivers.  *Id.*

After the Court's ruling, Plaintiffs filed a motion for reconsideration, ECF No. 84, which the Court denied, ECF No. 88.  Plaintiffs then sought leave to appeal the Court's class certification ruling, which the Second Circuit denied.  *See* Order, *Aboah v. Fairfield Healthcare Services, Inc.*, No. 23-621 (2d Cir. July 24, 2023), ECF No. 33.  In November of 2023, Plaintiffs again sought permission to modify the scheduling order to permit the filing of a renewed motion for class certification on account of supposedly new legal developments, including this Court's jury instructions in a different FLSA/CMWA action also involving Plaintiffs' counsel and live-in caregivers.  *See* ECF Nos. 130, 133.  The Court denied Plaintiffs' request, as they had not shown good cause to modify the scheduling order to permit another class certification motion years into the litigation, and nothing in their motion altered the Court's previous conclusion regarding predominance.  ECF No. 134.

Plaintiffs now file a renewed motion for class certification pursuant to Fed. R. Civ. P. 23(c)(1)(C).  Pl.'s Opening Br., ECF No. 174.  Plaintiffs argue that the Court's ruling on their motion for partial summary judgment obviates the Court's rationale for denying Plaintiffs' initial motion for class certification, and they propose a new class definition.  Specifically, Plaintiffs contend that the Court's rulings on summary judgment that (1) BrightStar did not have a written agreement to exclude sleep time with the named Plaintiffs under the CMWA and that (2) "remuneration" under the CMWA includes food and lodging "clearly establishes liability for all the live-in caregivers who constitute the putative members of the class," so a Rule 23 class should

be certified on these issues.  Pl.'s Opening Br.  at 4, 6.  Plaintiffs also propose a new class definition consisting of:

> all Caregivers or HHAs BrightStar employed in Connecticut during the period of June 2, 2018, until June 2, 2020, who worked at least one 24-hour shift (live-in shift) for BrightStar, who BrightStar (1) failed to compensate for sleep time absent a written agreement to do so and (2) failed to pay proper overtime wages because it did not account for the value of food and lodging when calculating the regular rate of pay used in determining overtime compensation.

For the reasons described below, Plaintiffs' motion is denied.

B. Legal Standard

Fed. R. Civ. P. 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  The purpose of this rule is to allow plaintiffs to address district courts' concerns after initial denials of class certification.  *See In re Initial Public Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007).  Accordingly, "[d]istrict courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial."  *Id.*

Where an earlier motion for class certification has been denied, courts generally hold that "any renewed motion for class certification by Plaintiffs must be based on a more robust submission that points to admissible evidence where necessary to establish the Rule 23 requirements for class certification."  *Vega v. Semple*, No. 3:17-cv-107 (JBA), 2023 WL 5395479, at *3 (D. Conn. Aug. 22, 2023).  Alternatively, plaintiffs could opt to propose a different and more supportable class definition on a renewed motion, without showing a change in the law or new evidence.  *Savinova v. Nova Home Care, LLC*, No. 3:20-cv-1612 (SVN), 2024 WL 3552425, at *7 (D. Conn. July 26, 2024) (citing *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476–77 (3d Cir. 2020)).

The Supreme Court is clear that Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Rather, plaintiffs seeking class certification must "affirmatively demonstrate" that they have met the requirements of Rule 23 by a preponderance of the evidence.  *Id.*; *id.* at 352 n.7; *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

C.  Discussion

The Court denies Plaintiffs' renewed motion for class certification.

The Court begins with Plaintiffs' renewed request to certify a Rule 23 class relating to their CMWA sleep time claims, consisting of all Caregivers or HHAs BrightStar employed in Connecticut during the period of June 2, 2018, until June 2, 2020, who worked at least one 24-hour shift (live-in shift) for BrightStar, who BrightStar failed to compensate for sleep time absent a written agreement to do so.  In renewing their motion for class certification on this issue, the Court notes that Plaintiffs do not point to any new evidence to meet Rule 23's requirements. Despite the discovery that has occurred since the Court's rulings on Plaintiffs' initial motion for certification and motion for reconsideration, Plaintiffs in fact do not point to *any* evidence to support their motion.  Nor do Plaintiffs endeavor to analyze (or re-analyze) any of the Rule 23 requirements.  Instead, Plaintiffs' arguments rely entirely on the Court's ruling on the parties' motions for summary judgment and on Plaintiffs' new proposed class definition.

But, as BrightStar points out, the Court's ruling on summary judgment related to a lack of a written agreement to exclude sleep time under the CMWA was specific to the named Plaintiffs: Ms. Aboah and Ms. Stewart.  *See* ECF No. 167 at 34.  Plaintiffs' motion for summary judgment was brought on behalf of those two named Plaintiffs alone.  *See* ECF No. 150.  The Court was not presented with the question of whether all live-in caregivers who worked for BrightStar in

Connecticut over a two-year period lacked a written agreement to exclude sleep time, and did not answer that question. Indeed, the Court noted that Ms. Stewart in fact did sign a written sleep time exclusion agreement in July of 2020, which highlights that some employees did have such an agreement. *See* ECF No. 167 at 31. The Court's summary judgment ruling therefore does not undermine its original conclusion that Plaintiffs have not shown that common issues would predominate over questions affecting individual class members. *See* ECF No. 83 at 31. It is still the case that the determination of BrightStar's sleep time liability under the CMWA will turn on whether it entered into an agreement to exclude sleep time with each individual live-in caregiver. Class certification on this issue therefore remains improper.

Plaintiffs' new class definition also does not cure the defects of the initial class proposal. Plaintiffs propose their new class definition almost in passing at the end of their motion and offer little to no argument for how the new definition specifically addresses the defects of the initial proposal. *See* Pl.'s Opening Br. at 7. Plaintiffs do not, for instance, endeavor to argue how the contours of the new class definition are such that common questions of law and fact would predominate over any questions affecting only individual putative class members, a fatal deficiency in Plaintiffs' original proposal. *See* ECF No. 83 at 30–33.

To the extent Plaintiffs now seek class certification regarding improper overtime pay related to the inclusion of food and lodging in the regular rate under the CMWA, such a request is procedurally improper. In its ruling on Plaintiffs' initial motion for certification, the Court noted that Plaintiffs did not allege the failure to include the value of food and lodging in the regular rate of pay violated state law. ECF No. 83 at 30. Because Plaintiffs sought class certification only as to their state law claims, the Court did not view Plaintiffs as seeking class certification as to BrightStar's failure to include the value of food and lodging in the CMWA's regular rate of pay.

*Id.* Plaintiffs did not challenge this holding in their motion for reconsideration of the Court's class certification ruling. *See* ECF No. 84-1. While they raised the issue of the inclusion of food and lodging under the CMWA in their motion to modify the scheduling order in November of 2023 to permit another class certification motion, the motion to modify the scheduling order was denied. As such, the Court concludes Plaintiffs never filed an initial motion for class certification as to the CMWA food and lodging issue (or, at the very least, they did not do so clearly and explicitly, and they did not seek to correct the Court's understanding that they were not moving for class certification as to this claim).

The purpose of Rule 23(c)(1)(C) reconsideration is to allow plaintiffs to address a district court's concerns after initial denials of class certification, *see In re Initial Public Offering Sec. Litig.*, 483 F.3d at 73, not to endlessly entertain new theories of bases for certification that were not previously raised. Further, the text of the rule itself, permitting the "altering or amending" of a class certification order, suggests a requirement that the new proposal have some articulatable nexus with the initial order. Plaintiffs argue that their *claim* on this issue is not new, Pl.'s Reply Br., ECF No. 177 at 3–4, but offer no responsive rebuttal to Defendant's argument that Plaintiffs' failure to include these grounds in their initial motion for certification is fatal, Def.'s Br., ECF No. 175 at 11–12.[3]

---

[3] The Court notes that in its ruling on Plaintiffs' initial motion for class certification, it did not construe Plaintiffs' operative complaint as bringing a CMWA claim related to inclusion of the value of food and lodging in the regular rate. *See* ECF No. 83 at 30 ("In their motion, Plaintiffs also discuss their claim that Defendants failed to include the value of food and lodging provided to Plaintiffs and other HHAs in the HHAs' regular rates of pay when calculating overtime, *but they do not allege that this practice violated state law*, and they seek Rule 23 certification with respect to only their state law claims. Accordingly, the food and lodging claim is not relevant to the present motion and the Court must only determine whether class certification is proper as to Plaintiffs' state law meal and sleeping period claims.") (emphasis added). In the Court's ruling on the parties' motions for summary judgment, it construed Plaintiffs as having brought an overtime claim under the CMWA related to the inclusion of food and lodging in the regular rate, relying on both Plaintiffs' and BrightStar's briefing discussing this issue. *See* ECF No. 167 at 27; ECF No. 150-1 at 16–18 (Plaintiffs' briefing); ECF No. 152 at 13–15 (BrightStar's briefing). To the extent the Court recognizes Plaintiffs as bringing such a claim, such a finding applies only to the named Plaintiffs.

Accordingly, Plaintiffs' motion is denied on these grounds.  The Court need not take up the additional bases for denial raised by Defendant.

### III.    CONCLUSION

For the reasons described herein, BrightStar's motion to certify for interlocutory appeal and for certification to the Connecticut Supreme Court is DENIED.  Likewise, Plaintiffs' renewed motion for class certification is DENIED.

The Court will contact the parties to select a date for trial and set deadlines for pre-trial submissions.

**SO ORDERED** at Hartford, Connecticut, this 18th day of December, 2024.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE