UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GWENDOLINE ABOAH and TANIA STEWART, on behalf of themselves and all others similarly situated<br><br>        Plaintiffs,<br><br>v.<br><br>FAIRFIELD HEALTHCARE SERVICES, INC. d/b/a BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY and PETER R. MOORE,<br><br>        Defendants. | Civil Action No.: 3:20-cv-00763-JGM<br><br><br><br>April 12, 2025 |

## MOTION FOR APPROVAL OF FLSA AND CMWA SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

The Plaintiffs, Gwendoline Aboah ("Ms. Aboah") and Tania Stewart, ("Ms. Stewart") (collectively "Plaintiffs") file this Motion for Approval of FLSA Settlement.

The Plaintiffs request that this Court approve the settlement agreement on the papers, or in the alternative, schedule and conduct a telephonic conference call so that counsel can review with the Court, the terms of the settlement in sufficient detail, in order for this Court to determine whether the settlement is fair and reasonable.

In support of this Motion, the parties state as follows:

1.    In this action, Plaintiffs allege, *inter alia*, that and the Defendants, Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury ("Defendant") and Peter R. Moore, failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Mr. Moore was granted summary judgment and is no longer a party to this action.

2. The parties dispute the amount of overtime wages and other relief due to Plaintiffs (if any), and the Defendant has denied and continue to deny each and every claim made by Plaintiffs in the action. However, the parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiffs' claims without the expense of further litigation.

3. In furtherance of the parties' mutual desire to resolve their dispute without further litigation between them, the parties have entered into and signed a Settlement Agreement and General Release (the "Settlement Agreement"), a copy of which is attached as **Exhibit 1**.

4. Parties may settle FLSA claims through a private stipulated dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) with either the approval of the district court or the Department of Labor. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015).

5. The parties have exchanged information and have had numerous conversations regarding the merits of this lawsuit.

6. The parties represent to the Court that the Settlement Agreement into which they have entered is: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiffs' claims; and (c) demonstrates a good faith intention by the parties that Plaintiffs' claims for liability and damages be fully and finally resolved and not re-litigated in whole or in part at any point in the future.

7. In further support of the Parties' contention that the agreed-upon settlement is fair and reasonable, the Parties represent that Settlement Agreement

adequately accounts for the uncertainties and *bona fide* factual and legal disputes between them.

8.    The parties respectfully request that the Court approve the Settlement Agreement on the papers, or in the alternative, schedule a telephonic conference call with counsel for the Parties so that counsel can review with the Court, the terms of the settlement in order for the Court to rule upon the Joint Motion for Approval of FLSA and CMWA Settlement.

9.  The parties hereby stipulate that this action be dismissed against all the Defendant with prejudice and without costs or fees and waive all rights of appeal.

WHEREFORE, the parties move for the approval of the Settlement Agreement between them. THE PARTIES EARLIER JOINTLY CONSENTED TO THIS MATTER BEING RULED UPON BY A MAGISTRATE JUDGE.


Respectfully submitted,

GWENDOLINE ABOAH and TANIA
STEWART

By their attorney,

_____
Nitor Egbarin
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: 860-249-7180,
Fax: 860-408-1471
Mobile: 860-680-1448,
Email: NEgbarin@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of April 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Nitor V. Egbarin*
Nitor V. Egbarin

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Gwendoline Aboah ("Aboah") and Tania Stewart ("Stewart" who, collectively with Aboah, may be referred to as the "Plaintiffs") on the one hand, and Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury ("BrightStar") on the other hand. Plaintiffs and BrightStar are hereinafter collectively referred to as the "Parties" or individually as a "Party".

WHEREAS, a dispute has arisen regarding Plaintiffs' employment with BrightStar and Plaintiffs filed a putative class and collective action lawsuit against BrightStar and Peter Moore, asserting claims for unpaid wages under the Fair Labor Standards Act and the Connecticut Wage Act, (*Aboah v. Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury*, 3:20-cv-00763-SVN) (the "Lawsuit");

WHEREAS, Plaintiffs filed a Motion for Conditional Certification of a collective action [ECF No. 50] and a Motion for Class Certification. ECF No. 52. The Court denied Plaintiffs' Motion for Class Certification and partially granted the Motion for Conditional Certification. ECF No. 83;

WHEREAS, Plaintiffs sought partial reconsideration of the Court's Order Denying Class and Partial Conditional Certification [ECF No. 84], which the Court denied. ECF No. 88;

WHEREAS, following Plaintiffs' counsel's improper solicitation of potential opt-in plaintiffs, the Court ordered that a Curative Notice and Revised Consent Form was to be sent to the putative opt-in plaintiffs, and that improperly solicited Consent to Join forms were void and those who had previously returned signed consent forms needed to reaffirm their desire to join the conditionally certified collective action. ECF No. 113;

WHEREAS, following dissemination of the Curative Notice and Revised Consent Form, no employees joined in the conditionally certified collective action and the Lawsuit proceeded with Plaintiffs Aboah and Stewart on an individual basis;

WHEREAS, Plaintiffs filed a Motion to Modify the Scheduling Order to allow time for a renewed Motion for Class Certification [ECF No. 130], which the Court denied. ECF No. 134;

WHEREAS, the Parties filed cross-motions for summary judgment. ECF Nos. 148, 149, 150. The Court granted Defendant Peter Moore's motion for summary judgment and dismissed him from the case; the Court granted in part and denied in part BrightStar's motion for summary judgment; and the Court granted in part and denied in part Plaintiffs' motion for partial summary judgment. ECF No. 167;

WHEREAS, BrightStar filed a petition to certify portions of the summary judgment ruling for interlocutory appeal to the Second Circuit Court of Appeals and to certify questions to the Connecticut Supreme Court [ECF No. 173] and Plaintiffs filed a renewed motion to certify a Rule 23 class [ECF No. 174], all of which the Court denied. ECF No. 179;

WHEREAS, the Parties engaged in a settlement conference on March 18, 2025, which was continued on March 21, 2025, presided over by Magistrate Judge Joan Margolis;

102643057.5

WHEREAS, Plaintiffs, with the assistance of counsel and Judge Margolis, have considered the facts of the case and the law applicable thereto;

WHEREAS, Plaintiffs, with the assistance of counsel and Judge Margolis, have considered the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against BrightStar in the Lawsuit;

WHEREAS, Plaintiffs, with the assistance of counsel and Judge Margolis, have considered the desirability of consummating this settlement according to the terms of this Agreement;

WHEREAS, the Parties desire to resolve the Lawsuit, and any other existing and/or potential wage and hour claims which they may have; and,

WHEREAS, nothing in this Agreement is an admission by BrightStar that it has engaged in any wrongdoing and BrightStar specifically denies having engaged in any wrongdoing.

NOW, THEREFORE, in consideration of the covenants and agreements set forth below, the Parties agree as follows:

1. The recitals are incorporated herein as material terms of this Agreement.

2. As consideration for Plaintiffs signing this Agreement, subject to Court approval, BrightStar agrees to pay Plaintiffs as follows:

   a. BrightStar will pay Aboah the gross sum of Sixty-Five Thousand Dollars ($65,000) (the "Aboah Payment"). One-half of the Aboah Payment, less federal and state withholdings and employment taxes and as otherwise required by law, will be allocated to allegedly unpaid wages, for which Aboah will receive a tax form W-2, and one-half of the Aboah Payment will be allocated to alleged penalties and interest, for which Aboah will receive a tax form 1099.

   b. BrightStar will pay Stewart the gross sum of Eighty Thousand Dollars ($80,000) (the "Stewart Payment"). One-half of the Stewart Payment, less federal and state withholdings and employment taxes and as otherwise required by law, will be allocated to allegedly unpaid wages, for which Stewart will receive a tax form W-2, and one-half of the Stewart Payment will be allocated to alleged penalties and interest, for which Stewart will receive a tax form 1099.

   c. The Aboah Payment and the Stewart Payment will be made in three installments, with fifty percent (50%) to be paid within fourteen (14) days of the Effective Date (the "First Installment"); twenty-five percent (25%) to be paid within two (2) months after the First Installment; and twenty-five percent (25%) to be paid within four (4) months after the First Installment.

   d. The Aboah Payment and the Stewart Payment are predicated upon BrightStar's receipt of complete IRS Forms W-4 and W-9 from Plaintiffs and the Court's approval of this Agreement.

Docusign Envelope ID: 36A433EE-9EF0-47AE-A41D-4A4A6EEB74C1

c. The Aboah Payment will be made via direct deposit to Aboah's bank account, with Plaintiffs' counsel to provide the bank account and routing information to BrightStar's counsel. The Stewart Payment will be mailed directly to her address, as to be provided on her completed IRS Forms W-4 and W-9.

3. The Aboah Payment and the Stewart Payment to be made pursuant to this Agreement are for settlement purposes and Plaintiffs have no right to their respective Aboah Payment or Stewart Payment other than by virtue of their entry into this Agreement.

4. Any other compensation to which Plaintiffs were entitled has been paid. The Plaintiffs hereby admit, acknowledge, and agree that they have been fully compensated for all wages, commissions, benefits, or any other amounts which are, or could be, currently due and owing to Plaintiffs as a result of their employment with BrightStar.

5. The Parties agree that the Court will determine the amount of reasonable attorney's fees and costs to which Plaintiffs' counsel is entitled (the "Attorney's Fees and Costs"), and BrightStar shall pay such Attorney's Fees and Costs by mailing it or sending by FedEx to arrive at the Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street, 14th Floor, Hartford, Connecticut 06103 within thirty (30) days following entry of the Court's ruling on the amount of reasonable Attorney's Fees and Costs. Payment of the Attorney's Fees and Costs is predicated upon BrightStar's receipt of a complete IRS Form W-9 from Plaintiffs' counsel. BrightStar will issue a tax form 1099 to Plaintiffs and Plaintiffs' counsel for the Attorney's Fees and Costs payment.

6. Within five (5) business days following the full execution of this Agreement, Plaintiffs' counsel shall prepare a joint motion for the approval of this Agreement and shall submit this Agreement for Court approval, requesting that the Court accept this Agreement as a fair and reasonable resolution of the Fair Labor Standards Act claims asserted and enter dismissal of the Lawsuit with prejudice, each side to pay their own costs and fees except for the Attorney's Fees and Costs to be determined by the Court, as discussed in Paragraph 5 above.

7. This Agreement shall become effective when it has been signed by all Parties and is approved by the Court (the "Effective Date").

8. In consideration of the mutual covenants and promises contained herein, the Parties agree to waive their right to appeal any and all of the Court's rulings in this Lawsuit, including, but not limited to, the Court's rulings regarding class and conditional certification and the Court's ruling regarding Attorney's Fees and Costs, and the Parties covenant and agree that they shall not appeal any rulings or orders entered in this Lawsuit.

9. In consideration of the mutual covenants and promises contained herein, Plaintiffs do hereby, on behalf of themselves and their family and heirs, release, absolve, acquit, and discharge BrightStar, including its predecessors, successors, assigns, parents, subsidiaries, related corporations, affiliates, joint ventures, joint employers, insurers, as well as its and their present and former principals, members, agents, employees, officers, shareholders, and representatives ("Released Parties"), of and from all rights, claims, demands, charges, obligations, damages, losses, causes of action, and suits regarding all wage and hour claims, legal and equitable, known and unknown, including but not limited to, claims under the Fair Labor Standards Act (as

102643057.5

amended), 29 U.S.C. §§ 201 et seq., the Connecticut Wage Act, Sec. 31-71 et seq., and under any other federal, state, or local laws, rules, regulations, or ordinances, or any common law actions, claims, causes of action, rights, liabilities, demands or theories of recovery related to wage and hour claims, including any claims for interest and any claims for attorney's fees and costs, that were alleged or could have been alleged against the Released Parties, individually and/or collectively, from the beginning of time through their respective executions of this Agreement. This release does not extend to any matters that may not be released as a matter of law.

10.     Plaintiffs specifically covenant and agree: (a) that Plaintiffs will not attempt to collect any monetary damages or other recovery in relation to any claim or right waived herein; and (b) that Plaintiffs are waiving the right to recover in any lawsuit Plaintiffs may bring as well as in any lawsuit brought on Plaintiffs' behalf by any other individual and/or by any federal, state, or local agency based on any claim or right waived herein. Plaintiffs have not and will not assign or transfer any released claims against the Released Parties. Plaintiffs further agree that if either Plaintiff violates this Agreement by bringing a lawsuit involving any claim released under this Agreement in any state or federal court against the Released Parties, or if a Party seeks appeal of a ruling that has been made in this Lawsuit, that such Party shall pay all costs and expenses which the other Party incurs from defending such an action. Subject to the foregoing waiver of Plaintiffs' rights to recover monetary damages for released claims, this Agreement shall not be construed to prohibit any Plaintiff from filing a charge with or participating, without notice to BrightStar, in any investigation or proceeding conducted by the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, or any comparable federal, state, or local agency.

11.     The Parties further represent, warrant, and agree that:

    a. Each Party has the authority to enter into this Agreement and that all covenants and agreements herein shall bind and inure to the benefit of the respective heirs, executors, administrators, successors and assigns of the Parties hereto; and

    b. The Parties have concluded that the terms of this Agreement are fair and reasonable, and that it is in their best interest to settle the Lawsuit pursuant to the terms set forth herein.

12.     This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof. Any and all prior agreements, representations, negotiations, and understandings made by the Parties, oral and written, express or implied, pertaining to the subject matter herein are hereby superseded and merged herein.

13.     This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one agreement.

14.     In the event that any one or more of the provisions of this Agreement should be found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not be affected or impaired in any way. Provided, however, that if a court of competent jurisdiction reviews the terms of this Agreement and finds this Agreement

to not be a fair and reasonable resolution of Plaintiffs' claims under the Fair Labor Standards Act, the entire Agreement shall be void.

15.     This Agreement is entered into in and shall be governed by, and construed and interpreted in accordance with, the internal laws of the State of Connecticut.

> EACH PLAINTIFF UNDERSTANDS THAT THIS AGREEMENT CONTAINS A FINAL AND BINDING RELEASE OF CLAIMS AGAINST BRIGHTSTAR.
>
> THE ONLY PROMISES MADE TO CAUSE EITHER PLAINTIFF TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT.
>
> EACH PLAINTIFF ACKNOWLEDGES THAT THEY HAVE BEEN TOLD BY BRIGHTSTAR TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.
>
> EACH PLAINTIFF ACKNOWLEDGES THAT THEY HAVE CONSULTED WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED BY THEIR ATTORNEY.

*[Remainder Intentionally Left Blank - Signature Page to Follow]*

## SETTLEMENT AGREEMENT AND RELEASE
## SIGNATURE PAGE

**PLAINTIFFS**

_____        Apr 9, 2025
Gwendoline Aboah                     _____
                                     Date


_____        _____
Tania Stewart                        Date




**FAIRFIELD HEALTHCARE SERVICES, INC. D/B/A BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY**


By: _____    _____
     Thom Gilday                     Date

Title: Managing Director

# SETTLEMENT AGREEMENT AND RELEASE
# SIGNATURE PAGE

**PLAINTIFFS**

_____     _____
Gwendoline Aboah                                    Date

_*Tania Stewart*_                                    Apr 9, 2025
_____     _____
Tania Stewart                                       Date


**FAIRFIELD HEALTHCARE SERVICES, INC. D/B/A BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY**

By: _____     _____
      Thom Gilday                                   Date

Title: <u>Managing Director</u>

Signature:                                           Signature:

Email: taniasky178@gmail.com                         Email: tanisky178@gmail.com

# SETTLEMENT AGREEMENT AND RELEASE
## SIGNATURE PAGE

**PLAINTIFFS**

_____        _____
Gwendoline Aboah                        Date

_____        _____
Tania Stewart                           Date


**FAIRFIELD HEALTHCARE SERVICES, INC. D/B/A BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY**

By: _/s/ Thom Gilday_____        4/11/2025
        Thom Gilday                      Date

Title: Managing Director