UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GWENDOLINE ABOAH and TANIA STEWART, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>FAIRFIELD HEALTHCARE SERVICES, INC. d/b/a BRIGHTSTAR CARE OF FAIRFIELD & SOUTHBURY and PETER R. MOORE,<br><br>Defendants. | Civil Action No.: 3:20-cv-00763-JGM |

## DEFENDANT'S MOTION FOR APPROVAL OF FLSA AND CMWA SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Defendant, Fairfield Healthcare Services, Inc. d/b/a BrightStar Care of Fairfield & Southbury ("Defendant" or "BrightStar"),[1] files this Motion for Approval of FLSA and CMWA Settlement and Stipulation of Dismissal with Prejudice.[2]

Defendant requests that this Court approve the settlement agreement on the papers, or in the alternative, schedule and conduct a telephonic or Zoom conference call so that counsel can review with the Court, the terms of the settlement in sufficient detail, in order for this Court to determine whether the settlement is fair and reasonable.

---

[1] The Court granted Defendant Peter R. Moore's Motion for Summary Judgment and he has been dismissed from the lawsuit. ECF No. 167.

[2] The Settlement Agreement called for Plaintiffs' counsel to prepare a joint motion for approval of the Settlement Agreement and Plaintiffs' counsel circulated a draft motion substantially similar to the Motion for Approval that Plaintiffs submitted on April 12, 2025. ECF No. 195. When Defendant revised the motion to include a factual basis and more robust legal analysis from which the Court could determine that proposed settlement is in fact fair and reasonable, as provided herein, Plaintiffs' counsel disagreed and stated that he would file his own motion and Defendant could file a separate motion. Accordingly, the parties are submitting separate motions for Court approval of the Settlement Agreement.

102789296.4

In support of this Motion, Defendant states as follows:

1. In this action, Plaintiffs allege, *inter alia*, that Defendant failed to pay the proper amount of overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA").

2. The parties dispute the amount of overtime wages and other relief due to Plaintiffs (if any), and Defendant has denied and continues to deny each and every claim made by Plaintiffs in the action. However, without admitting any liability, the parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiffs' claims without the risk and expense of further litigation.

3. In furtherance of the parties' mutual desire to resolve their dispute without further litigation between them, the parties have entered into and signed a Settlement Agreement and Release (the "Settlement Agreement"), a copy of which is attached as **Exhibit 1**.

4. Parties may settle FLSA claims through a private stipulated dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) with either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

5. In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

6. In this case, the parties have engaged in extensive discovery and motion practice

over the course of nearly five years of litigation, including fully briefed motions for class and conditional certification as well as fully briefed cross-motions for summary judgment. Following the Court's ruling granting in part and denying in part the cross-motions for summary judgment [ECF No. 167], the parties, through counsel, engaged in a settlement conference with Magistrate Judge Joan Margolis. *See* ECF No. 190. If settlement is not approved, the case is set for trial beginning on August 26, 2025. ECF No. 183.

7. Based on Defendant's investigation of the facts of this case and understanding of the applicable laws, Defendant believes that the negotiated settlement is appropriately within the range of Plaintiffs' possible recovery. Plaintiff Aboah worked for BrightStar for approximately 16 months, earning between $10.10 and $11 per hour. Plaintiff Stewart worked for BrightStar for approximately two years, earning between $10.10 and $12 per hour. When Plaintiffs' potential damages are properly calculated to include additional compensation for eight hours' sleep time per day that the Court ruled should have been compensated under the CMWA (generally at an overtime rate since Plaintiffs routinely worked more than 40 hours per week), and the value of lodging is added to the regular rate of pay (to the maximum extent permitted under the FLSA if BrightStar had taken a Section 203(m) credit), the parties believe that Plaintiff Aboah could be entitled to approximately $48,900 and Plaintiff Stewart could be entitled to approximately $60,500, exclusive of pre-judgment interest and exemplary damages. Accordingly, settling with Plaintiff Aboah for $65,000 and settling with Plaintiff Stewart for $80,000, which accounts for Plaintiffs' possible recovery with pre-judgment interest, is an appropriate amount within the range of Plaintiffs' possible recovery.

8. Notwithstanding the foregoing, BrightStar denies any and all wrongdoing and disputes that either Plaintiff will be able to establish a violation of the FLSA for the exclusion of

3

sleep time or meal breaks from compensable time. The agreement was reduced to writing and is further evidenced by Plaintiffs' conduct and continued employment. Accordingly, BrightStar maintains that, if the case were to proceed to trial, it would be able to prove that the parties had an agreement that up to eight hours of sleep time and three hours of meal breaks could be deducted from their compensable time, meaning that BrightStar fully complied with its obligations under the FLSA for the exclusion of sleep time and meal breaks.

9. Nevertheless, settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial in August, where the parties would be faced with serious litigation risks if they proceed to trial. For example, Defendant could succeed in establishing that there was an agreement to exclude sleep time and meal breaks from compensable time under the FLSA, Defendant could succeed on its good-faith defense and Plaintiffs would not be entitled to any liquidated damages, or Plaintiffs could fail to meet their burden of proof regarding the value of food (if any) and lodging provided, decreasing the amount of remuneration to be included in the regular rate of pay when calculating overtime compensation. These remaining factual disputes create serious litigation risks for Plaintiffs and Defendant if the case proceeds to trial. The parties would be faced with serious litigation risks if they proceed to trial and issues are then presented for appeal, including whether the Court properly denied class and conditional certification, whether the Court's orders regarding including the value of food and lodging in the regular rate of pay, absent an agreement that food or lodging would be considered a form of remuneration, were proper, and whether the Court correctly ruled regarding the compensability of sleep time under Connecticut law.

10. Accordingly, the parties seek to avoid the anticipated burdens and expenses in establishing their respective claims and defenses at trial in August and avoid the anticipated

4

burdens and expenses of seeking appeal from any rulings in this litigation, and the parties have therefore stipulated to the negotiated Settlement Agreement and waived all rights to appeal.

11. The Settlement Agreement is the result of arm's-length bargaining between counsel, with the assistance of Magistrate Judge Margolis. Furthermore, there is no possibility of fraud or collusion because Plaintiffs' attorney's fees and costs are to be decided by the Court, separate and apart from the settlement amounts negotiated with the Plaintiffs.

12. Accordingly, Defendant represents to the Court that the Settlement Agreement into which the parties have entered: (a) is fair to all parties; (b) reasonably resolves a *bona fide* disagreement between the parties with regard to the merits of Plaintiffs' claims and Defendant's defenses; and (c) demonstrates a good faith intention by the parties that Plaintiffs' claims for liability and damages be fully and finally resolved and not re-litigated in whole or in part at any point in the future.

13. In further support of the contention that the agreed-upon settlement is fair and reasonable, the Settlement Agreement adequately accounts for the uncertainties and *bona fide* factual and legal disputes between them.

14. Defendant respectfully requests that the Court approve the Settlement Agreement on the papers, or in the alternative, schedule a telephonic or Zoom conference call with counsel for the parties so that counsel can review with the Court the terms of the settlement in order for the Court to rule upon the parties' Motions for Approval of FLSA and CMWA Settlement.

15. Upon the Court's approval of the Settlement Agreement, Defendant stipulates that this action be dismissed with prejudice, each side to pay its own costs or fees,[3] and the parties waive all rights of appeal.

---

[3] Except as ordered to be paid by the Court, pursuant to Paragraph 5 of the Settlement Agreement.

102789296.4

WHEREFORE, Defendant moves for the approval of the Settlement Agreement and stipulates to dismissal of the action, with prejudice. Defendant consents to this matter being ruled upon by a Magistrate Judge. *See* ECF Nos. 192, 194.

Dated: April 14, 2025

Respectfully submitted,

*/s/ Donald L. Samuels*
Donald L Samuels
Matthew E Kapsak (*pro hac vice*)
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
(720) 572-9300
dsamuals@polsinelli.com
mkapsak@polsinelli.com

*Attorneys for Defendant*

102789296.4

CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of April 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              */s/ Donald L. Samuels*
                                                               Donald L. Samuels

102789296.4